Peter Michael Meloy
MELOY LAW FIRM
P.O. Box 1241
Helena, Montana 59624-1241
Telephone: (406) 442-8670
mike@meloylawfirm.com
*Counsel for Amicus Curiae*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al., <br><br> *Plaintiffs*, <br><br> and <br><br> TIKTOK INC. <br><br> *Consolidated Plaintiff*, <br><br> v. <br><br> AUSTIN KNUDSEN, *in his official capacity as Attorney General of Montana.* <br><br> *Defendant*. | CV 23-56-M-DWM <br> CV 23-61-M-DWM <br><br> **UNOPPOSED MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND THE MEDIA LAW RESOURCE CENTER FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' AND CONSOLIDATED PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION** |

1

## INTRODUCTION

Proposed amici curiae the Reporters Committee for Freedom of the Press ("Reporters Committee") and the Media Law Resource Center ("MLRC") respectfully request leave to file a brief as amici curiae brief in support of Plaintiffs' and Consolidated Plaintiff's Motions for Preliminary Injunction. *See* L.R. 7.5. If leave is granted, proposed amici are prepared to file their brief by August 4, 2023.

Plaintiffs and consolidated plaintiff consent to the filing of the proposed amicus brief. Defendant does not oppose the filing of an amicus brief on that timeline that complies with the Local Rules.

## DISCLOSURE STATEMENT

The Reporters Committee is an unincorporated nonprofit association founded by journalists and media lawyers in 1970. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

The MLRC is a non-profit professional association for content providers in all media, and for their defense lawyers, providing a wide range of resources on media and content law, as well as policy issues. These include news and analysis of legal, legislative and regulatory developments; litigation resources and practice guides; and national and international media law conferences and meetings. The

MLRC also works with its membership to respond to legislative and policy proposals, and speaks to the press and public on media law and First Amendment issues. It counts as members over 125 media companies, including newspaper, magazine and book publishers, TV and radio broadcasters, and digital platforms, and over 200 law firms working in the media law field. The MLRC was founded in 1980 by leading American publishers and broadcasters to assist in defending and protecting free press rights under the First Amendment.

As organizations that defend and exercise the right to gather the news, proposed amici have a strong interest in ensuring journalists in Montana can do so freely—including through the use of modern tools of their trade, like TikTok.

## ARGUMENT

"District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see also Neonatology Assocs., P.A., v. Comm'r of Internal Revenue,* 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) ("Even when a party is very well represented, an amicus may provide important assistance to the court."). Here, the filing of the proposed amicus brief is "desirable and relevant" because proposed amici can speak to the consequences of the Montana statute under review for journalists and the press—a perspective that is not represented among the Plaintiffs and which the parties "cannot adequately address." L.R. 7.5(2)(d).

As the proposed brief will explain, Montana's effort to restrict access to TikTok "forecloses an entire medium" for gathering and publishing the news, *City of Ladue v. Gilleo*, 512 U.S. 43, 56 (1994), burdening the rights of local journalists who rely on TikTok for its unique features and to reach "an audience that could not be reached nearly as well by other means," *id.* at 57 (emphasis omitted). Other federal courts have likewise granted proposed amicus Reporters Committee for Freedom of the Press leave to participate as amicus curiae to address the impact of efforts to regulate TikTok on the traditional press. *See* Order, *Marland v. Trump*, No. 20-3322 (3d Cir. Feb. 1, 2021); *cf. TikTok, Inc. v. Trump*, 507 F. Supp. 3d 92,

4

109 (D.D.C. 2020) (weighing whether an executive order attempting to ban transactions with TikTok would also let the government "stop[] the flow of news").

Proposed amici therefore respectfully submit that the proposed brief would be useful to the Court and relevant to the disposition of this case. Because the proposed brief would be filed on August 4, two weeks before Defendant's consolidated brief is due, the filing of the proposed brief would not delay or otherwise interfere with the briefing schedule entered by this Court. *See* Order, *Alario et al. v. Knudsen*, No. 23-cv-00056 (D. Mont. July 7, 2023) (ECF No. 21).

## CONCLUSION

For the foregoing reasons, the Reporters Committee and MLRC respectfully request leave to file as amici curiae in support of Plaintiffs' Alario et al. and Consolidated Plaintiff TikTok Inc.'s Motions for Preliminary Injunction. If leave is granted, proposed amici are prepared to file the proposed brief on August 4.

Dated: July 26, 2023                                Respectfully submitted,

/s/*Peter Michael Meloy*
Peter Michael Meloy, Esq.
MELOY LAW FIRM
P.O. Box 1241
Helena, Montana 59624-1241
Telephone: (406) 442-8670
mike@meloylawfirm.com
*Counsel for Amici Curiae*