Alex Rate
ACLU of Montana
P.O. Box 1968
Missoula, MT 59806
(406) 224-1447
ratea@aclumontana.org



*Counsel for the American Civil Liberties*
*Union, American Civil Liberties Union of*
*Montana, and Electronic Frontier Foundation*



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, *et al.*,<br><br>*Plaintiffs*,<br><br>and<br><br>TIKTOK INC.,<br><br>*Consolidated Plaintiff*,<br><br>v.<br><br>AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana*,<br><br>*Defendant*. | Lead Case No.<br>CV 23-56-M-DWM<br><br>Member Case No.<br>CV 23-61-M-DWM<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF MONTANA, AND ELECTRONIC FRONTIER FOUNDATION** |

Pursuant to Montana District Court Local Rule 7.5(b), the American Civil Liberties Union ("ACLU"), American Civil Liberties Union of Montana ("ACLU of Montana"), and Electronic Frontier Foundation ("EFF") (collectively, "Amici"), by and through counsel, respectfully move this Court to grant them leave to file an amici curiae brief in support of the Motions for a Preliminary Injunction on or before August 4, 2023. Plaintiffs, Consolidated Plaintiff, and Defendant do not oppose the filing of this amici curiae brief.[1] Amici are attaching a proposed order to the instant motion as Exhibit 1. *See* L.R. 7.1(c)(3).

Amici's proposed brief will address (1) the impact of the State's ban on creators and users beyond the five individual Plaintiffs in this case; (2) the First Amendment standards that govern the State's attempt to ban an entire communications platform; and (3) the proper framework for addressing the State's national security claims.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1(a) and L. R. 7.5(b)(2)(B), Amici Curiae American Civil Liberties Union, American Civil Liberties Union of Montana, and Electronic Frontier Foundation each state that they do not have a parent

---

[1] This motion refers to the individual Plaintiffs and Consolidated Plaintiff TikTok, Inc. as "Plaintiffs" collectively hereafter.

corporation and that no publicly held corporation owns 10 percent or more of their stock.

## INTERESTS OF AMICI CURIAE

The ACLU is a nationwide, non-partisan, non-profit organization dedicated to the principles of liberty and equality embodied in the Constitution and our nation's civil rights laws. The ACLU of Montana is the state affiliate of the national ACLU whose mission is to support and protect civil liberties within the state of Montana.

EFF is a member-supported, nonprofit civil liberties organization that has worked for over 30 years to protect free speech, privacy, and innovation in the digital world. EFF, with over 35,000 members, represents the interests of technology users in court cases and broader policy debates surrounding the application of law to the internet and other technologies.

Amici have a long history of advocating for individuals' First Amendment rights, including when the government invokes national security interests. Particularly relevant here, the ACLU and EFF appeared as amici in *U.S. WeChat Users All. v. Trump*, No. 3:20-cv-05910-LB, 2021 WL 4692706 (9th Cir. Aug. 9, 2021), arguing, respectively, that the government's attempt to ban the mobile communications application WeChat in the name of national security violated the

First Amendment, and that the ban would make users of the WeChat app less secure.[2]

Amici have two substantial interests in the outcome of this challenge, which are related to but separate from those represented in the Plaintiffs' briefing.

First, as organizations dedicated to free speech, Amici have an interest in safeguarding the First Amendment rights of people in Montana and across the country, including the rights of many TikTok users who are not directly represented in the lawsuit. Montana's law, which entirely bans a widely-used communications platform in the State, impacts not only TikTok users in the State, but also millions of creators and users *outside* Montana who wish to speak to and receive information from those inside Montana and are not otherwise represented in this case. *See Macareno v. Thomas*, 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019) ("District courts may consider amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved[.]"). Moreover, as free expression advocates, Amici have a significant interest in the precedent this case may set for other regulations of online speech, including other state laws or federal proposals to regulate TikTok and other platforms.[3]

---

[2] *See* Brief for ACLU et al. as Amici Curiae Supporting Plaintiffs–Appellees, *U.S. WeChat Users All.*, 2021 WL 4692706, ECF No. 52; Brief for EFF et al. as Amici Curiae Supporting Plaintiffs–Appellees, *U.S. WeChat Users All.*, 2021 WL 4692706, ECF No. 49.

[3] *See, e.g.*, Chris Boyette and Brian Fung, *TikTok Banned from School-Owned Devices at All Florida State Universities*, CNN (Apr. 7, 2023), https://www.cnn.com/2023/04/07/business/tik-tok-florida-ban-state-universities/index.html; Jay O'Brien, *Bill to Give Biden*

Second, Amici are regular users of TikTok themselves—and thus their own First Amendment rights are implicated by Montana's ban. Amici use TikTok to amplify the voices of their clients; raise public awareness about civil liberties and civil rights issues; and garner support for their causes, especially among audiences who increasingly rely on TikTok for breaking news, commentary, and political advocacy. While Plaintiffs include a group of TikTok creators, none share the unique interests that Amici have as mission-driven nonprofit organizations.

### AMICI CURIAE'S BRIEF IS DESIRABLE AND RELEVANT

This case presents novel legal issues related to the State's effort to ban Montanans from accessing a communications platform used by more than 150 million Americans. The Montana Attorney General has predicted that the case is destined for appeal, perhaps even to the Supreme Court. *See* David McCabe, *A Plan to Ban TikTok in Montana Is a Preview for the Rest of the Country*, N.Y. Times (Apr. 12, 2023), https://www.nytimes.com/2023/04/12/ technology/tiktok-ban-montana.html. Given the importance of this case, the proposed brief is desirable because it will provide additional—but not extraneous or duplicative—factual context and legal argument that will aid in the proper resolution of the Motions for a Preliminary Injunction. *See* L.R. 7.5(b)(2)(D).

---

*Authority to Ban TikTok Advances in House*, ABC News (Mar. 1, 2023), https://abcnews.go.com/Politics/house-committee-advances-bill-giving-biden-authority-ban/story?id=97553411.

In terms of factual context, Amici's proposed brief will describe the breadth of First Amendment activity that occurs on TikTok, including speech and association by Montanans who rely heavily on TikTok and whose voices are currently not represented in the briefing. And it will address the burdens the statewide ban imposes on creators, users, and nonprofit organizations *outside* Montana who seek to engage with people inside Montana via TikTok's unique platform. *See WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 906 (C.D. Cal. 2021), *appeal dismissed*, No. 21-56316, 2022 WL 2031684 (9th Cir. Feb. 1, 2022) (granting amicus where it offered "unique perspective beyond those of the parties").

The brief will also provide legal arguments that will aid the Court in resolving the novel issues presented. When President Trump sought to ban TikTok and WeChat in 2020, those bans were enjoined in the district courts, but they were ultimately rescinded by President Biden before the courts of appeals had the opportunity to address the central First Amendment questions. *See U.S. WeChat Users All.*, 2021 WL 4692706, at *1 (dismissing appeal). Amici's brief will offer a clear roadmap regarding the governing First Amendment standards, and explain why the State's invocation of "national security" does not alter those standards nor diminish the State's burden to justify its TikTok ban. *Cf. Sgaggio v. Young*, No. 20-CV-01977-PAB-NYW, 2022 WL 970008, at *5 (D. Colo. Mar. 31, 2022) (allowing

amicus brief that offers more "well developed" versions of arguments mentioned in party brief).

Given Amici's experience litigating First Amendment issues, especially those related to online speech and national security claims, Amici respectfully submit that they are well-positioned to aid the Court. As noted above, the ACLU and EFF appeared as amici in *U.S. WeChat Users All.*, 2021 WL 4692706, arguing that the government's efforts to ban WeChat on national security grounds violated the First Amendment and would ultimately undermine internet security. Amici also regularly advocate for the constitutional rights to speak and access information online. *See, e.g.*, *Mahanoy Area Sch. Dist. v. B.L.*, 141 S. Ct. 2038 (2021) (counsel); *Packingham v. North Carolina,* 582 U.S. 98 (2017) (amicus); *Reno v. ACLU*, 521 U.S. 844 (1997) (counsel). And Amici have served as counsel or amicus in several cases in which the government's invocation of national security implicates First Amendment rights. *See, e.g., In re Certification of Questions of Law to the Foreign Intelligence Surveillance Court of Review*, No. FISCR 18-01, 2018 WL 2709456 (FISCR Mar. 16, 2018) (counsel); *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193 (4th Cir. 2017) (counsel); *Twitter, Inc. v. Garland*, 61 F.4th 686 (9th Cir. 2023) (amicus).

For these and other reasons, a number of district courts within the Ninth Circuit have granted Amici leave to file amicus briefs. *See, e.g., Arizona*

7

*Broadcasters Assn. v. Brnovich*, 626 F. Supp. 3d 1102 (D. Ariz. 2022); *United States v. Lacey*, 423 F. Supp. 3d 748 (D. Ariz. 2019); *Thalheimer v. City of San Diego*, 706 F. Supp. 2d 1065, 1070 (S.D. Cal. 2010), *aff'd*, 645 F.3d 1109 (9th Cir. 2011); *Alston v. Read*, 678 F. Supp. 2d 1061 (D. Haw. 2010), *rev'd and remanded*, 663 F.3d 1094 (9th Cir. 2011); *Facebook v. Power Ventures*, 2010 WL 3291750 (N.D. Cal. 2010).

## TIMING OF AMICI CURIAE BRIEF

The proposed amicus brief is timely. Amici propose to file their brief on or before August 4, 2023. The Court has not issued a substantive ruling on Plaintiffs' Motions for a Preliminary Injunction, the hearing is set for October 12, 2023, and Amici do not request any change to the Court's existing schedule.

## CONCLUSION

For the foregoing reasons, Amici respectfully request that this Court grant their motion for leave to file an amici curiae brief of no more than 5,000 words in support of Plaintiffs' Motions for a Preliminary Injunction.

Dated: July 26, 2023

Respectfully submitted,

Alex Rate
ACLU of Montana

8

P.O. Box 1968
Missoula, MT 59806
(406) 224-1447
ratea@aclumontana.org

*Counsel for the American Civil Liberties
Union, American Civil Liberties Union of
Montana, and Electronic Frontier
Foundation*

9

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5(b)(2)(A)

I certify that this brief contains 1,550 words, exclusive of caption and certificates of service and compliance.

Dated: July 26, 2023

Respectfully submitted,

Alex Rate
ACLU of Montana
P.O. Box 1968
Missoula, MT 59806
(406) 224-1447
ratea@aclumontana.org

## CERTIFICATE OF SERVICE

I certify that on July 26, 2023, I filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Montana, Missoula Division by personal delivery. Participants in the case who are registered ECF users will be served by the ECF system when the motion is docketed. In addition, Amici will serve copies on lead counsel for Plaintiffs, Consolidated Plaintiff, and Defendant via U.S. mail, postage prepaid.

Dated: July 26, 2023

Respectfully submitted,

Alex Rate
ACLU of Montana
P.O. Box 1968
Missoula, MT 59806
(406) 224-1447
ratea@aclumontana.org

11