AUSTIN KNUDSEN
Montana Attorney General
CHRISTIAN B. CORRIGAN
  *Solicitor General*
PETER M. TORSTENSEN, JR.
  *Assistant Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| SAMANTHA ALARIO, et al., <br><br>   *Plaintiffs,*<br> and<br><br>TIKTOK, INC.,<br><br>   *Consolidated Plaintiff,*<br> v.<br><br>AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana,*<br><br>   *Defendant.* | Lead Case No.<br>CV-23-56-M-DWM<br><br>Member Case No.<br>CV 23-61-M-DWM<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

Defendant Austin Knudsen, in his official capacity as Attorney General of the State of Montana, submits this Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint"), *see* ECF No. 1, *Samantha Alario, et al., v. Austin Knudsen*, Case No. CV-56-M-DWM (consolidated with member case *TikTok Inc., v. Austin Knudsen*, Case No. CV 23-61-M-DWM).  In numbered paragraphs corresponding to those in the Complaint, Defendant alleges as follows:

## PRELIMINARY STATEMENT

1.    To the extent that Paragraph 1 contains Plaintiff's characterization of the case and conclusions of law, no response is required.  Paragraph 1 also purports to characterize a portion of Defendant's testimony during a House Judiciary Committee Hearing; the complete statement speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

2.    Paragraph 2 contains Plaintiff's characterization of the case and conclusions of law, so no response is required.  To the extent a response is required, denied.

3.     The allegations in Paragraph 3 contain conclusions of law, to which no response is required.  To the extent a response is required, denied.

4.     Paragraph 4 contains Plaintiff's characterization of the case and conclusions of law, so no response is required.  To the extent a response is required, denied.

**PARTIES**

5.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6.

7.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7.

8.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9.

10.     Defendant admits that Austin Knudsen is the Attorney General and that he testified in support of SB 419.  The remaining allegation

purports to characterize SB 419, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant admits that the Department of Justice is responsible for enforcing Section 1 of SB 419.

JURISDICTION

11.    The allegations in Paragraph 11 contain conclusions of law, to which no response is required.  To the extent a response is required, denied.

12.    The allegations in Paragraph 12 contain conclusions of law, to which no response is required.  To the extent a response is required, denied.

13.    The allegations in Paragraph 13 contain conclusions of law, to which no response is required.  To the extent a response is required, denied.

VENUE

14.    The allegations in Paragraph 14 contain conclusions of law, to which no response is required.  To the extent a response is required, denied.

4

15.    The allegations in Paragraph 15 contain conclusions of law, to which no response is required.  To the extent a response is required, denied.

### DIVISIONAL VENUE

16.    The allegations in Paragraph 16 contain conclusions of law, to which no response is required.  To the extent a response is required, denied.

### FACTUAL ALLEGATIONS

## A. The TikTok Forum.

17.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17.  To the extent Paragraph 17 purports to characterize the contents of a website, which speaks for itself and is therefore the best evidence of its contents, no response is required.

18.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18.  To the extent Paragraph 18 purports to characterize the contents of articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

19.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19.

20.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20.  To the extent Paragraph 20 purports to characterize the contents of articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

21.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21.

22.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22.  To the extent Paragraph 22 purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

23.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23.  To the extent Paragraph 23 purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

24.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24.

25.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25.  To the extent Paragraph 25

purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

## B. TikTok Provides an Outlet for Creative and Political Expression.

26.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26.

27.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27.

28.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28.

29.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29.  To the extent Paragraph 98 purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

30.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30.  To the extent Paragraph 30 purports to characterize the contents of TikTok user accounts, which speak for themselves and are therefore the best evidence of their contents, no response is required.

31.    Paragraph 31 purports to characterize the contents of TikTok user accounts, which speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

32.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32.  To the extent Paragraph 32 purports to characterize the contents of articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

33.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33.  To the extent Paragraph 33 purports to characterize the contents of articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

34.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34.

**C. TikTok Provides an Important Marketing Platform.**

35.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35.

36.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36.  To the extent Paragraph 36 purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

37.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37.  To the extent Paragraph 37 purports to characterize the contents of articles, which speaks for themselves and are therefore the best evidence of their contents, no response is required.

38.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38.  To the extent Paragraph 38 purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

39.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39.

40.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40.

41.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41.  To the extent Paragraph 41

purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

42.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42.  To the extent Paragraph 42 purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

**D. Courts Have Blocked Previous Attempts to Ban TikTok.**

43.    Paragraph 74 purports to characterize three preliminary injunction orders, *see TikTok Inc. v. Trump*, 490 F. Supp. 3d 73, 83 (D.D.C. 2020); *Marland v. Trump*, 498 F. Supp. 3d 624, 642 (E.D. Pa. 2020); *TikTok Inc. v. Trump*, 507 F. Supp. 3d 92, 112 (D.D.C. 2020), which speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

44.    Defendant admits that the federal government has not banned TikTok entirely, but Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 44.

45.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45.  To the extent Paragraph 45

purports to characterize the contents of an article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

### E. Montana Enacts SB 419 to Ban TikTok.

46.    Paragraph 46 purports to characterize the content of SB 419, which speaks for itself and is the best evidence of its contents; therefore no response is required.

47.    Paragraph 47 purports to characterize the Legislature's findings in support of SB 419, which speaks for themselves and are the best evidence of their contents; therefore no response is required.

48.    Paragraph 48 purports to characterize the content of SB 419, which speaks for itself and is the best evidence of its contents; therefore no response is required.

49.    Paragraph 49 purports to characterize portions of Defendant's testimony during a House Judiciary Committee Hearing and statements to reporters; the complete statements speak for themselves and are therefore the best evidence of their contents; therefore, no response is required. Paragraph 49 also purports to characterize a portion of a statement from Senator Shelley Vance; the complete statement speaks for itself and is

therefore the best evidence of its contents; therefore, no response is required.

50.    Paragraph 50 purports to characterize the Legislature's findings in support of SB 419, which speaks for themselves and are the best evidence of their contents; therefore no response is required.  Paragraph 50 also purports to characterize portions of Defendant's and other witnesses' testimony during a House Judiciary Committee Hearing; the complete statements speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

51.    Paragraph 51 purports to characterize portions of Defendant's statements to reporters concerning SB 419; the complete statements speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

52.    The allegations in Paragraph 52 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

53.    Paragraph 53 purports to characterize portions of Defendant's statements regarding SB 419; the complete statements speak for

themselves and are therefore the best evidence of their contents; therefore, no response is required.

54.     Paragraph 54 purports to characterize an article containing the Governor of Montana's suggested changes to SB 419, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

55.     Defendant admits that the Legislature enacted SB 419 without the Governor's proposed amended language on April 18, 2023, that the Governor signed SB 419 into law on May 17, 2023, and that the law is scheduled to take effect on January 1, 2024.

## LEGAL PRINCIPLES

### A. The First Amendment

56.     The allegations in Paragraph 56 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

57.     The allegations in Paragraph 57 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

58.    The allegations in Paragraph 58 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

59.    The allegations in Paragraph 59 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

**B. Due Process**

60.    The allegations in Paragraph 60 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

61.    The allegations in Paragraph 61 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

62.    The allegations in Paragraph 62 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

63.    The allegations in Paragraph 63 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

64.    The allegations in Paragraph 64 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

## C. The Dormant Commerce Clause

65.    The allegations in Paragraph 65 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

66.    The allegations in Paragraph 66 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

## D. The Foreign Affairs Doctrine

67.    The allegations in Paragraph 67 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

68.    The allegations in Paragraph 68 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

## E. The International Emergency Economic Powers Act

69.    The allegations in Paragraph 69 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

70.    The allegations in Paragraph 70 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

71.    Paragraph 71 purports to characterize a select portion of an article, which speaks for itself and is therefore the best evidence of its contents, so no response is required.

72.    The allegations in Paragraph 72 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

73.    The allegations in Paragraph 73 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

74.    The allegations in Paragraph 74 constitute conclusions of law, to which no response is required.   To the extent a response is required, denied.

75.   The allegations in Paragraph 75 constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendant admits that President Trump and President Biden have both invoked IEEPA as a basis for executive orders.

76.   Paragraph 76 purports to characterize Executive Order 13873 (May 17, 2019), entitled "Securing the Information Communications Technology and Services Supply Chain," which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

77.   Paragraph 77 purports to further characterize Executive Order 13873, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

78.   Paragraph 78 purports to characterize a rule issued by the Department of Commerce, codified at 15 C.F.R. § 7.4, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

79.   Paragraph 79 purports to characterize Executive Order 14034 (June 9, 2021), entitled "Protecting Americans' Sensitive Data From

Foreign Adversaries," which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

80.    Paragraph 80 purports to further characterize Executive Order 14034, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

81.    Paragraph 81 purports to further characterize Executive Order 14034, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

**F. Section 721 of the Defense Production Act**

82.    The allegations in Paragraph 82 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

83.    The allegations in Paragraph 83 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

84.    The allegations in Paragraph 84 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

85.    Paragraph 67 purports to characterize the substance of a Status Report in *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Apr. 24, 2023) and an article reporting that the Biden Administration directed ByteDance Ltd. to divest its stake in TikTok; these documents speak for themselves and therefore are the best evidence of their contents; therefore, no response is required.

86.    Paragraph 86 contains Plaintiff's characterization of the case, so no response is required.  To the extent a response is required, denied.

### CLAIMS FOR RELIEF

## Claim 1: Violation of the First and Fourteenth Amendments to the U.S. Constitution

87.    Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

88.    The allegations in Paragraph 86 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

89.    The allegations in Paragraph 89 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

19

90.    The allegations in Paragraph 90 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

91.    The allegations in Paragraph 91 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

92.    The allegations in Paragraph 92 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

93.    The allegations in Paragraph 93 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

94.    The allegations in Paragraph 94 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

## Claim 2: Violation of the Due Process Clause of the Fourteenth Amendment

95.    Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

96.    The allegations in Paragraph 96 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

97.    The allegations in Paragraph 97 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

98.    The allegations in Paragraph 98 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

99.    The allegations in Paragraph 99 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

100.  The allegations in Paragraph 100 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

101.  The allegations in Paragraph 101 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

102.  The allegations in Paragraph 102 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

103.  The allegations in Paragraph 103 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

### Claim 3: Violation of the Foreign Affairs Doctrine

104.  Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

105.  The allegations in Paragraph 105 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

106.  The allegations in Paragraph 106 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

107.  The allegations in Paragraph 107 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

108.  The allegations in Paragraph 108 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

## Claim 4: Violation of the Commerce Clause

109.  Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

110.  The allegations in Paragraph 110 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

111.  The allegations in Paragraph 111 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

112.  The allegations in Paragraph 112 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

113.  The allegations in Paragraph 113 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

114.  The allegations in Paragraph 114 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

**Claim 5: IEEPA Preemption, 50 U.S.C. §§ 1701 *et seq.***

115.  Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

116.  The allegations in Paragraph 116 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

117.  The allegations in Paragraph 117 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

118.  The allegations in Paragraph 118 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

119.  The allegations in Paragraph 119 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

120. The allegations in Paragraph 120 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

121. The allegations in Paragraph 121 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

## Claim 6: Section 721 of the Defense Production Act Preemption, 50 U.S.C. § 4565

122. Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

123. The allegations in Paragraph 123 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

124. The allegations in Paragraph 124 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

125. The allegations in Paragraph 125 constitute conclusions of law, to which no response is required.  To the extent a response is required, denied.

126. The allegations in Paragraph 126 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, to which no response is required. To the extent a response may be deemed required, Defendant denies that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Defendant denies every allegation in the Complaint not expressly admitted above, including any for which Defendant deem no response to be required (should the Court determine otherwise).

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Defendant reserves the right to further amend these pleadings to add such further affirmative defenses as discovery and development of the case may disclose:

1. The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs lack standing.

WHEREFORE, Defendant Austin Knudsen, in his official capacity as Montana Attorney General prays for the following relief:

1.      That Plaintiffs take nothing by their Complaint;

2.      For Judgment for Defendant on all counts of Plaintiffs' Complaint;

3.      For costs of suit an attorneys' fee as allowed by law;

4.      For any other relief the Court deems just and proper.

DATED this 31st day of July, 2023.

AUSTIN KNUDSEN
  *Montana Attorney General*

CHRISTIAN B. CORRIGAN
  *Solicitor General*

*/s/ Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.
  *Assistant Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: <u>July 31, 2023</u>          <u>/s/ *Peter M. Torstensen, Jr.*</u>
PETER M. TORSTENSEN, JR.