IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al.,<br><br>      Plaintiffs,<br>and<br><br>TIKTOK INC.,<br><br>      Consolidated Plaintiff,<br><br>vs.<br><br>AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana,<br><br>      Defendant. | Lead Case No.<br>CV 23–56–M–DWM<br><br>Member Case No.<br>CV 23–61–M–DWM<br><br>ORDER |

Amici American Civil Liberties Union, American Civil Liberties Union of Montana, and Electronic Frontier Foundation ("ACLU Amici") move for the *pro hac vice* admission of five attorneys. (Docs. 42, 43, 44, 45, 46.) While those applications appear to be in order, it is the practice of this Court to limit the number of counsel in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *cf. In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts.")

1

(internal citation omitted). A surfeit of counsel impedes this mandate by, *inter alia*, confusing points of contact for the opposing party. *Cf. United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996) ("[C]ounsel from other jurisdictions may be significantly more difficult to reach . . . than local counsel."). As a result, each party or amicus in the case will be limited to no more than three attorneys (including both local and *pro hac* counsel) unless a party can show cause why additional counsel is necessary. Nothing in this limitation prevents counsel from using his or her firm resources and internal assignments to assure adequate representation for the client.

Accordingly, IT IS ORDERED that ACLU Amici's motions to admit Vera Eidelman, Ashley Gorski, Patrick Toomey, Shaiba Rather, and David Greene *pro hac vice* (Docs. 42, 43, 44, 45, 46) are CONDITIONALLY GRANTED insofar as ACLU Amici is limited to the formal appearance of three attorneys of its choosing; that can include one local counsel and two *pro hac* counsel, two local counsel and one *pro hac* counsel, or all three local counsel. *See* L.R. 83.1(d)(2) (requiring local counsel). ACLU Amici must identify their three attorneys of choice within fifteen (15) days of the date of this Order.

To the extent that choice includes any of the *pro hac* attorneys identified above, *pro hac* counsel shall do his or her own work. This means that *pro hac* counsel must do his or her own writing and sign his or her own briefs. Counsel

2

shall take steps to register in the Court's electronic filing system ("CM-ECF"). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

IT IS FURTHER ORDERED that this Order is subject to withdrawal unless *pro hac* counsel, within fifteen (15) days of the date of this Order, file a notice acknowledging counsel's admission under the terms set forth above. In that notice, amici counsel shall also designate a single attorney with the authority to make any and all decisions related to the administration of this case as the primary point of contact for the parties.

DATED this 9th day of August, 2023.

_____
Donald W. Molloy, District Judge
United States District Court