IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al.,<br><br>　　　　Plaintiffs,<br><br>and<br><br>TIKTOK INC.,<br><br>　　　　Consolidated Plaintiff,<br><br>vs.<br><br>AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana,<br><br>　　　　Defendant. | Lead Case No.<br>CV 23–56–M–DWM<br><br>Member Case No.<br>CV 23–61–M–DWM<br><br>ORDER |

　　　Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and L.R. 1.4, 16.1, 16.2 and 26.1,

　　　**IT IS ORDERED:**

　　　1. Pursuant to Rule 1, the lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. NOTE: In all documents filed with the Court, the parties shall not use any acronyms or initialisms.

　　　2. On or before **December 15, 2023**, lead counsel for the respective parties shall confer to consider the matters listed in Fed. R. Civ. P. 26(f). On or before

1

**January 16, 2024**, the parties shall file a written report outlining the joint discovery plan formulated at the conference.

 Pursuant to Fed. R. Civ. P. 26(f), the parties should design the joint discovery plan to require simultaneous disclosure of all liability experts. Plaintiff's damages experts shall be disclosed on the same day. Defendant's damages experts shall be disclosed thirty days thereafter. Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2) on or before the deadline for disclosure. The purpose of simultaneous liability expert disclosures is to avoid "sand bagging" disclosures in an effort to force the opposing party to tip its liability hand. Accordingly, a party may not file an expert rebuttal report on liability unless the party has already filed its own liability expert report. Discovery shall close thirty (30) to sixty (60) days after the deadline for disclosure of Defendant's damages experts. The parties should propose a date certain for the close of discovery. Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

 The parties should also bear in mind that, as the case develops, they may agree among themselves to extend discovery. Fed. R. Civ. P. 29. However, <u>the discovery deadline set by the Court will not be continued</u>, nor will the Court entertain discovery motions based on post-deadline occurrences.

 At the Rule 26(f) conference, the parties should discuss the amount of discovery reasonably needed to resolve the litigation, Fed. R. Civ. P. 26(b)(1), and the preservation of electronically stored information, Fed. R. Civ. P. 37(e).

 3. On or before **January 16, 2024**, counsel for the respective parties shall each file a preliminary pretrial statement. *See* Fed. R. Civ. P. 16(c)(2); Fed. R. Civ. P. 26(a)(1). The statement shall address all matters listed in L.R. 16.2(b)(1). The parties are reminded that the statement must include a computation of damages. Fed. R. Civ. P. 26(a)(1)(A)(iii); L.R. 16.2(b)(1)(E).

 4. On or before **January 16, 2024**, Plaintiff shall separately file a Statement of Stipulated Facts to which all parties agree. *See* L.R. 16.2(b)(3). That statement must demonstrate a good faith effort to produce a comprehensive list of undisputed facts relevant to the resolution of this matter. *See* Fed. R. Civ. P. 1, 16, 26.

 5. Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties. Early Rule 34 requests are governed by Rule 26(d)(2).

6. The parties are reminded to review and follow the Federal Rules of Civil Procedure concerning Pleadings, Counterclaims and Crossclaims, and Third-Party Practice.

7. Registration in and use of the Court's electronic filing system is mandatory for all attorneys. L.R. 1.4(c) and (e). Self-represented litigants should refer to L.R. 1.4(d) and 83.8(c) and (d) for further information about filing requirements.

8. <u>COUNSEL ARE ADVISED THAT INCOMPLETE OR INADEQUATE INFORMATION ON THE PRELIMINARY PRETRIAL STATEMENT WILL BE DEEMED AN ADMISSION BY COUNSEL THAT THE MATTER IS NON-COMPLEX AND MAY RESULT IN THE CASE BEING SET ON AN EXPEDITED TRIAL DOCKET.</u>

9. A preliminary pretrial conference will not be scheduled. The Court will file a scheduling order pursuant to Local Rule 16.3 upon review of the pretrial statements and joint discovery plan.

DATED this 5th day of December, 2023.

_____
Donald W. Molloy, District Judge
United States District Court