Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main St., Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com

*Attorney for Plaintiffs*

Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 398-8244
rcameron@jmgattorneys.com

*Attorney for Consolidated Plaintiff*

(*additional counsel listed on signature page*)

Christian B. Corrigan
*Solicitor General*
Peter M. Torstensen, Jr.
*Deputy Solicitor General*
Montana Department of Justice
P.O. Box 201401
Helena, MT 59620
(406) 444-2026
Christian.Corrigan@mt.gov
Peter.Torstensen@mt.gov

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

|  |  |  |
|---|---|---|
| SAMANTHA ALARIO, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| and | ) | |
| | ) | CV 23-56-M-DWM |
| TIKTOK INC., | ) | CV 23-61-M-DWM |
| | ) | |
| *Consolidated Plaintiff*, | ) | **JOINT DISCOVERY PLAN** |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN KNUDSEN, *in his official* | ) | |
| *capacity as Attorney General of the* | ) | |
| *State of Montana*, | ) | |
| | ) | |
| *Defendant*. | ) | |

The parties, through their respective counsel, conferred to discuss the matters listed in Rule 26(f) of the Federal Rules of Civil Procedure. With all counsel putting forth their best, good-faith efforts, the parties were able to agree on certain discovery matters but not others, in light of the parties' differing views regarding the proper scope and extent of discovery. The parties jointly submit the following proposals, with their differing positions noted where indicated.

**A.      Initial Disclosures**

The parties shall serve their initial disclosures on or before January 31, 2024.

**B.      Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

1.      <u>Subjects of Discovery</u>

   a)      *Plaintiffs' Proposal*

Plaintiffs Samantha Alario, Heather DiRocco, Carly Ann Goddard, Alice Held, and Dale Stout ("Creator Plaintiffs") and Consolidated Plaintiff TikTok Inc. (collectively, "Plaintiffs") do not believe additional discovery is needed to resolve this case because, as previously submitted (Dkt. 77 at 2), it raises predominantly legal questions. Preemption, for example, is a purely legal issue. *See Hawaii Newspaper Agency v. Bronster*, 103 F.3d 742, 746 (9th Cir. 1996). And with respect to the First Amendment, the State is not permitted to restrict speech and then "go fishing for a justification by imposing obligations on the party seeking to defend its First Amendment rights." *IMDb.com v. Becerra*, 257 F. Supp. 3d 1099,

2

1102 (N.D. Cal. 2017), *aff'd*, 962 F.3d 1111 (9th Cir. 2020).  Accordingly, Plaintiffs believe that the case can promptly be resolved on summary judgment on the existing record.

Nevertheless, as a compromise and consistent with their position during preliminary injunction proceedings, Plaintiffs are amenable to targeted discovery in advance of summary judgment, provided that the State can justify the need for such discovery in the context of this constitutional challenge to a statute.  Given the discovery that Plaintiffs have already provided, the State should be required to articulate any perceived deficiencies in that discovery and identify a "factual question that would meaningfully affect the analysis of the constitutionality of the statute on its face." *Id.* at 1103.

The State has not made this showing so far.  As noted during the preliminary injunction hearing, the company served responses to the State's preliminary injunction discovery on July 21, 2023.  The State has not articulated any deficiencies in that discovery and has not sought to meet and confer about that discovery.  The company has also provided discovery in connection with the State's investigation led by the Attorney General, the completeness of which the State criticizes without substantiation.  The Court should require the State to meet the standards set out in *IMDb.com* before authorizing further discovery.  *See id.*

3

at 1101 (following preliminary injunction of a statute, requiring the state to justify its requested discovery with specificity).

Setting aside the State's failure to articulate why the discovery it has received so far is insufficient, the State's proposed discovery topics do not meaningfully address the constitutional analysis. The State casts its discovery as directed to its purported "consumer-protection" justification for the TikTok Ban, but as the Court noted, the State has yet to come forward with any evidence that the Ban was actually motivated by such a justification. Dkt. 113 at 25. And despite the State's efforts to affix a consumer protection label to its proposed discovery topics, the substance of the State's proposed discovery into "the relationship between TikTok and ByteDance and/or the Chinese Communist Party" is not relevant because, as the Court held, "Montana does not have a constitutional interest in foreign affairs." Dkt. 113 at 23–25 (finding that SB 419 nevertheless "explicitly bans TikTok because of its connection to a foreign nation").[1] The State should be required to make a prima facie showing regarding its purported "consumer-protection interest" in enacting SB 419—and how that interest differs

---

[1] The State argues that TikTok Inc. is "effectively conceding that it is a subsidiary of a company incorporated in a country designated as a foreign adversary." In fact, TikTok Inc.'s ultimate parent, ByteDance Ltd., is incorporated in the Cayman Islands. *See* Dkt. 14 ¶ 6; Dkt. 68 at 18 n. 4. And the State, in any event, misconstrues SB 419's voidness provision, which applies only to a future sale of the company. SB 419 § 4.

4

from its foreign affairs interest—before authorizing discovery on this subject directed at TikTok Inc.  *See IMDb.com*, 257 F. Supp. 3d at 1101; *see also* Dkt. 113 at 25–26 (citing *Jacobs v. Clark Cnty. Sch. Dist.* 526 F.3d 419, 435 (9th Cir. 2016), which "not[ed] that sworn affidavits from government officials are useful in demonstrating a government's purpose in passing a bill").[2]

To the extent the Court decides to authorize further discovery at this juncture, Plaintiffs request that the Court not authorize the State's overbroad proposal and instead require that discovery be reasonably scoped and targeted. The State proposes, for example, to broadly conduct discovery on:

- The fact that "TikTok has been the subject of numerous investigations regarding its data-protection processes," but the State fails to explain how *any* purported consumer protection investigation could "warrant[ ] a complete ban on the application" or show that none of the more narrowly tailored options identified by Plaintiffs and the Court would address its concerns.  *See* Dkt. 113 at 27–30.

- TikTok Inc.'s historical practices without any date restriction, but the State fails to justify how historical (as opposed to current) practices

---

[2] As part of its showing, the State should be required to explain whether it intends to rely on any documents produced by TikTok Inc. in the Attorney General's two-year investigation of the company, and how the State intends to comply with the applicable confidentiality and use restrictions governing those materials in this proceeding.

could justify a forward-looking ban. *See Edwards v. District of Columbia*, 755 F.3d 996, 1004 (D.C. Cir. 2014) (citing *Shelby Cnty. Ala. V. Holder*, 133 S. Ct. 2612, 2627 (2013) ("[A] statute's current burdens must be justified by current needs.")). Nor does the State explain how TikTok Inc.'s ongoing negotiations with the federal government to address perceived national security risks justify backwards-looking discovery into how TikTok's "data protection processes have changed over time."

- TikTok's "algorithm" and how TikTok "recommends content," but that position cannot be reconciled with the State's repeated disavowals that SB 419 targets TikTok based on its promotion of certain content or viewpoints. *E.g.*, Dkt. 51 at 26 ("Nothing in SB 419 regulates use of TikTok because of disagreement with its message.").

Given these areas of clear overbreadth, to the extent the Court decides to authorize discovery at this juncture, Plaintiffs propose that it be limited to (i) Creator Plaintiffs' use of TikTok and other platforms, and (ii) TikTok Inc.'s current U.S. policies and procedures relating to minor safety and the protection of U.S. user data.

Regarding Plaintiffs' proposed discovery, if the Court authorizes Defendant to take discovery at this juncture (which it should not), TikTok Inc. proposes to

take discovery on whether the State's purported consumer protection interest actually supports SB 419's constitutionality, as opposed to serving as pretext for the actual foreign affairs interest Montana had in enacting the law. TikTok Inc. further intends to take discovery relating to its Bill of Attainder claim, including as to the State's intent to punish TikTok Inc., and the Creator Plaintiffs intend to take discovery regarding their due process claim, including as to the circumstances surrounding the enactment of the Ban.

b)   *Defendant's Proposal*

Based on Plaintiffs' claims, Defendant's defenses, and this Court's opinion and order granting the preliminary injunction, important factual disagreements remain that entitle Defendant to discovery from Plaintiffs. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."). Plaintiffs, however, contend that *no* further discovery should occur—but that if it does, it should be "targeted," *supra* at 3, or "reasonably scoped and targeted," *id.* at 5. That turns standard federal civil practice on its head.

"The Federal Rules of Civil Procedure creates [sic] a 'broad right of discovery' because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.'" *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (quoting *Shoen v. Shoen*, 5 F.3d 1289,

7

1292 (9th Cir. 1993)). Of course, "the right of a party to obtain discovery is not unlimited," *id.*, but is subject to the rule that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1).

Defendant intends to seek discovery that falls within the Rule's plain limits, including but not limited to discovery on the following topics:

> **1. Discovery on corporate structure of, executive and/or board leadership of, and relationships between ByteDance Limited, TikTok Inc., TikTok U.S. Data Security, and other relevant BDL or TikTok subsidiaries. *See, e.g.*, Compl. ¶¶4, 19-20.**

Discovery on those subjects is relevant for factual reasons going directly to the State's consumer-protection interest. As explained in briefing, one of the two stated purposes of the bill is to protect Montanans' data from the Chinese Communist Party, which is an interest in protecting Montana's consumers.

First, in briefing, Plaintiffs claimed that the State's justification for the law is based on "unfounded speculation" about the relationship between TikTok and ByteDance and/or the Chinese Communist Party. ECF 12, at 19. The State, in response, cited a litany of newspaper articles, reports, congressional statements, congressional hearings, and state investigations showing evidence that ByteDance and the Chinese Communist Party have access to TikTok's user data and information. *See* ECF 53, at 3-6. This Court then said the State needs to provide additional evidence beyond these articles, reports, statements, hearings, and

ongoing investigations. ECF 113, at 22-26 (explaining the factual dispute regarding the State's interests in response to Plaintiffs' First Amendment claim); *id.* at 35 (explaining the factual dispute between the State's cited news coverage and TikTok's sworn affidavits regarding the control China exerts over TikTok).

To provide the evidence the Court has said is necessary, the State needs information from TikTok about its corporate structure and the relationships between TikTok, ByteDance, and the Chinese Communist Party. This information is in the sole possession of TikTok. Fed. R. Civ. P. 26(b)(1) (Discovery must take into account "the parties' relative access to relevant information"). There is nothing disproportionate about the State seeking discovery from TikTok, including about its ownership structure and who has access to the very data that State law seeks to protect, in a case that TikTok voluntarily filed to invalidate that same law.

Second, as Plaintiffs agree in the stipulated facts, SB 419 is void if TikTok is no longer a subsidiary of a company incorporated in a country designated as a foreign adversary. At no point has TikTok argued that SB 419 is void, thus effectively conceding that it is a subsidiary of a company incorporated in a country designated as a foreign adversary. The State is entitled to information about the nature of this relationship and about access the parent company has to its subsidiary company.

**2. Discovery on current and former data-gathering, data-storage, data-security, and data-access processes and procedures. *See, e.g.,* Compl. ¶¶4, 35-40, 66, 72-73.**

Similarly, the State is entitled to discovery on TikTok's data protection processes, including how these processes have changed over time. First, TikTok has been the subject of numerous investigations regarding its data-protection processes, including a multistate investigation that the Court acknowledges. ECF 113, at 27-28. As part of the State's defense for why SB 419 is narrowly tailored, it will show that TikTok has consistently failed to respond to concerns about data protection, and thus a total ban is a narrowly tailored law under these circumstances.

Second, TikTok has represented that it is in negotiations with the federal government to resolve "national security concerns" regarding its data collection. ECF 12. Yet the only publicly available information is the original petition and regular status reports stating only that the parties are in ongoing negotiations. Those reports provide no substantive information about the status of these negotiations. To the extent those negotiations remain under seal, the State's clearest way to identify what changes are being implemented as a result is to see how TikTok's data protection processes have changed over time.

Third, TikTok alleged that it has taken substantial measures to protect data privacy and security. Compl. ¶¶4, 66. There's nothing disproportionate about the

State's seeking discovery on these "substantial measures" specifically alleged in TikTok's complaint.

**3. Discovery on processes TikTok alleges it takes to keep users safe. *See, e.g.*, Compl. ¶¶29-30, 34-36, 41-50.**

The State has explained its interest in protecting Montana consumers. TikTok has claimed that it takes steps to keep users safe, and the State is entitled to discovery on these measures.

**4. Discovery on how TikTok's data-gathering and data-storage efforts affect the way its algorithm operates for individual users or groups of users.**

The State is entitled to information about how TikTok's algorithm is related to TikTok's data-collection practices because that relationship shows part of how TikTok collects information about a user, stores that information, and recommends content in the future. At a minimum, TikTok's current data practices are relevant to this litigation.

Second, TikTok claims that it enforces its Community Guidelines, including that it provides age-appropriate content through this algorithm. Compl. ¶36. The State is thus entitled to seek discovery on TikTok's alleged enforcement and how it determines what content is age appropriate.

**5. Discovery on User Plaintiffs' use of social media platforms, for business purposes and other purposes.**

The State is entitled to information about each User Plaintiff and their uses of social media platforms, including TikTok. The State is further entitled to

discovery on how User Plaintiffs monetize their content on TikTok, including their participation in the Creator Fund and Creativity Program.

Plaintiffs contend that discovery on the topics identified above need not occur because Plaintiffs responded to limited discovery requests during the preliminary injunction proceedings. Those early requests, however, were always intended to be just that—limited—and not a replacement for plenary, ordinary-course discovery after the preliminary-injunction proceedings ended. Plaintiffs likewise suggest that Defendant's lack of prior objections to their preliminary-injunction-phase discovery answers suggests their responses are complete and preclusive of further discovery requests. But the preliminary-injunction briefing and argument schedule did not contain adequate time for Defendant to raise (or this Court to resolve) objections to Plaintiffs' deficient responses. Now that the parties are no longer operating under those hurried time constraints, Defendant intends to raise objections to Plaintiffs' responses through the meet-and-confer process as part of the ordinary-course discovery in this case.

Plaintiffs further assert that the company has provided discovery in connection with the State's investigation into TikTok. But after more than two years of investigation, the company has repeatedly failed to turn over a significant number of the requested documents. In short, TikTok overstates its production in

response to the investigation, and it cannot rely on the minimal documents produced there as a justification for evading discovery here.

Finally, to the extent Plaintiffs invite the Court to preclude discovery, or preemptively limit it, because disputes might arise between the parties over the scope of any (as-yet unserved) discovery request, the Court should reject that invitation. Should any such disputes in fact arise during discovery, the parties and the Court can resolve them as they would in any other case—through the standard meet-and-confer process, then with this Court's intervention after that, if necessary. Only that course can prevent the Court from offering what would in effect be an advisory opinion about nonexistent disputes on unserved discovery requests.

### 2.   Subjects of Expert Testimony

Plaintiffs propose, as discussed above, that the Court require the State to satisfy the requirements set out in *IMDb.com* before authorizing further discovery. To the extent the Court decides to authorize further discovery at this juncture, Plaintiffs agree to a phase of expert discovery.  Likely areas of expert testimony for Plaintiffs include the lack of tailoring of the TikTok Ban and the technological issues with implementing SB 419.

Defendant anticipates that likely areas of expert discovery will include technological issues related to how TikTok collects, stores, and accesses its users' data, and the feasibility of implementing SB 419.

            3.     Discovery Deadlines

Plaintiffs propose, as discussed above, that the Court require the State to satisfy the requirements set out in *IMDb.com* before authorizing further discovery. Plaintiffs propose that the State be required to file a motion within 14 days articulating any perceived deficiencies in the discovery that has already been provided and identifying with specificity any factual questions that would meaningfully affect the constitutional analysis of the statute on its face. *See IMDb.com*, 257 F. Supp. 3d at 1101 (requiring State to file such motion). Plaintiffs propose that they be afforded 14 days to respond to the State's motion, and the State be afforded 7 days for a reply.

In the alternative that the Court determines to authorize further discovery at this juncture, Plaintiffs are amenable to the State's proposed schedule (expert disclosures on or before 5/31/24; rebuttal expert disclosures on or before 7/31/24; close of discovery on 9/16/24).

As noted above, however, the parties disagree about the appropriate scope of discovery. Plaintiffs submit that the foregoing schedule is appropriate to complete the targeted discovery they have proposed, but would not be sufficient time to

complete discovery on all of the expansive topics identified by the State.  Rather than elongate the discovery calendar, Plaintiffs propose that discovery be subject to appropriate limitations, as set forth above.

Defendant's position is that the deadlines proposed above should allow the parties sufficient time to complete discovery on the topics listed above.

4.   Phases of or Limitations on Discovery

Plaintiffs propose, as discussed above, that the Court require the State to satisfy the requirements set out in *IMDb.com* before authorizing further discovery. To the extent the Court decides to authorize further discovery at this juncture, Plaintiffs propose that Defendant and Plaintiffs (i.e., Creator Plaintiffs and Consolidated Plaintiff together) each have an aggregate limit on discovery of 20 interrogatories, 10 requests for production, 10 requests for admission, and 5 fact depositions.  Defendant has already served 14 interrogatories, 2 requests for production, and 6 requests for admission on TikTok Inc. during the preliminary injunction phase, and those requests should count against the Defendant's aggregate limit.

Defendant does not object to aggregate limits on discovery devices but maintains that the limits proposed by Plaintiffs do not adequately account for the fact that these consolidated cases raise different sets of claims in two separate complaints by two different sets of Plaintiffs. If these complaints were not

consolidated, the standard limits in the Federal Rules of Civil Procedure would authorize 20 fact depositions (10 depositions per case, *see* Fed. R. Civ. P. 30(a)(2)(A)(i)) and 50 interrogatories (25 interrogatories per case, *see* Fed. R. Civ. P. 33(a)(1)). Plaintiffs' proposed *consolidated* limits (5 fact depositions and 20 interrogatories) are less than what the Federal Rules authorize for Defendant for even *one* case.

Defendant acknowledges, however, that the two complaints do contain some overlapping issues, and that therefore discovery can be completed without doubling the Rules' standard limits. Instead, Defendant proposes a consolidated limit of 35 interrogatories and 12 fact depositions. And just as the Federal Rules do not expressly limit the number of requests for production under Rule 34 or requests for admission under Rule 36, Defendant does not think it is appropriate to place a limit on the number of RFPs or RFAs as part of the Court's discovery order. Defendant does not object to counting the interrogatories the State served at the preliminary-injunction stage against the 35-interrogatory limit proposed above, assuming Defendant retains the ability to meet and confer over its objections to Plaintiffs' prior responses as part of plenary discovery.

## C.   Issues about disclosure, discovery, or preservation of electronically stored information

The parties are not aware of any present issues regarding the disclosure or discovery of electronically-stored information.  The parties agree that

electronically-stored information is subject to the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C), to the same extent as other information.

### D.    Issues regarding claims of privilege or of protection as trial-preparation materials

The parties are not aware of any present issues regarding claims of privilege or protection.  Should any such issues arise, the parties will meet and confer before bringing any such disputes to the Court.

### E.    Changes or limitations on discovery

At this time, the parties do not request any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or this Court's local rules, other than what has been proposed above.  Should a party request such a change in the future, the parties agree to meet and confer before making a request to the Court.

### F.    Other orders the Court should issue

At this time, the parties do not anticipate the need for any orders under Rule 26(c) or under Rule 16(b) and (c) other than the Court's standard orders.

DATED this 16th day of January 2024.

/s/ Natasha Prinzing Jones
Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main St., Suite 300
P.O. Box 9199
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com

Ambika Kumar*
Tim Cunningham*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 330
Seattle, WA 98104-1610
(206) 622-3150
ambikakumar@dwt.com
timcunningham@dwt.com
*admitted pro hac vice

*Attorneys for Plaintiffs*
*Samantha Alario, Heather*
*DiRocco, Carly Ann Goddard,*
*Alice Held, and Dale Stout*

/s/ Rob Cameron
Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

Alexander A. Berengaut*
Megan A. Crowley*
COVINGTON & BURLING LLP
850 Tenth Street, NW

/s/ Christian B. Corrigan
Christian B. Corrigan
 *Solicitor General*
Peter M. Torstensen, Jr.
 *Deputy Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620
(406) 444-2026
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Attorneys for Defendant*

Washington, DC 20001
(202) 662-5367
aberengaut@cov.com
mcrowley@cov.com
*admitted pro hac vice

*Attorneys for Consolidated Plaintiff*
*TikTok Inc.*