IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al., | Lead Case No. CV 23–56–M–DWM |
| Plaintiffs, and | |
| | Member Case No. CV 23–61–M–DWM |
| TIKTOK INC., | |
| Consolidated Plaintiff, | ORDER |
| vs. | |
| AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana, | |
| Defendant. | |

In this consolidated matter, the social media company TikTok Inc. ("TikTok") and a group of TikTok users ("User Plaintiffs") (collectively "Plaintiffs") sued Montana's Attorney General (hereinafter referred to as the "State") over the constitutionality of Montana Senate Bill 419 ("SB 419"), which bans the download and use of TikTok in Montana. Plaintiffs then moved for a

1

preliminary injunction to prohibit enforcement of SB 419 based their theories that the law violates the First Amendment, the federal preemption doctrine, and the Commerce Clause of the United States Constitution.[1] On November 30, 2023, Plaintiffs' motion was granted, and a preliminary injunction was issued, (*see* Doc. 113), along with a Preliminary Pretrial Order the following week, (*see* Doc. 114). Pursuant to the Pretrial Order, the parties timely filed their joint discovery plan, statement of stipulated facts, and respective preliminary pretrial statements, (*see* Docs. 122, 123, 124, 125), and affirmed that they conferred to discuss the matters listed in Federal Rule of Civil Procedure 26(f), (Doc. 124 at 2).

Despite their conference, counsel were unable to agree on whether the parties should engage in any further discovery. (*Id.*) Instead, the parties propose opposing plans. Plaintiffs propose two courses of action. First, Plaintiffs propose prohibiting any further discovery because "the case can be promptly resolved on summary judgment on the existing record." (Doc. 124 at 3.) Second, they propose allowing the State to conduct limited discovery if it can demonstrate the information sought is necessary to impact a decision on summary judgment. If any additional discovery is allowed, Plaintiff TikTok proposes also obtaining discovery on the State's consumer-protection interest and its bill of attainder claim.

---

[1] TikTok also alleged that SB 419 is an unconstitutional bill of attainder but did not advance any argument in support of the claim at the preliminary injunction stage.

Conversely, the State insists that it is entitled to obtain discovery of anything nonprivileged, relevant, and proportional to this matter. *See* Fed. R. Civ. P. 26(b)(1). Ultimately, the correct course lies somewhere in the middle. As explained in the November 30, 2023 Preliminary Injunction Order, more discovery may be necessary for the State to prove its case. (*See* Doc. 113 at 22–26, 35.) However, Plaintiffs are also correct that the State's discovery requests must be reasonably scoped and targeted. Because unrestricted discovery is unwarranted, for the reasons explained below, the parties must describe in more detail exactly what they seek to obtain.

The general rule for discovery under the Federal Rules of Civil Procedure is that "a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." *Gilead Scis., Inc. v. Merck & Co, Inc.*, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) (citing Fed. R. Civ. P. 26(b)(1)). In determining proportionality, factors to consider include:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Moreover, every Federal Rule of Civil Procedure must be understood within the context of "Rule 1's paramount command: the just, speedy,

and inexpensive resolution of disputes." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citing Fed. R. Civ. P. 1 ("These rules .... should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")).

Yet Plaintiffs argue that an exception to the general rule is appropriate here. They are correct. In certain circumstances, such as when First Amendment issues have been evaluated in consideration of a preliminary injunction and some discovery has already been obtained, courts sometimes limit future discovery. *See IMDb.com, Inc. v. Becerra*, 257 F. Supp. 3d 1099, 1102 (N.D. Cal. 2017), *aff'd*, 962 F.3d 1111 (9th Cir. 2020). In *IMDb.com, Inc.*, the plaintiff successful moved to preliminarily enjoin a California state law prohibiting certain websites from publishing the ages and birthdates of entertainment industry professionals. *Id.* at 1101, 1103. With the preliminary injunction in place, the court denied California's motion to allow additional discovery, finding the state could not demonstrate why its proposed discovery was relevant and proportional. *Id.* at 1102–03.

The court noted that in First Amendment cases, when the government has failed to produce evidence sufficient to demonstrate the veracity and importance of the interest they were relying on to limit speech, limiting discovery may be appropriate. The court noted that discovery may be proper "if a relevant factual question truly needs answering before adjudication of a First Amendment

4

question." *Id.* at 1103. Similarly, the court reasoned that discovery unlikely to produce information relevant to any parties' claims or defenses is also unlikely to be proportional to the needs of a case. *See id.* at 1102. This harsh ruling was predicated on the idea that discovery must be limited against "a party that seeks only to vindicate its First Amendment rights in court." *Id.* at 1103.

Here, like in *IMDb, Inc.*, a preliminary injunction is in effect and a state law was enjoined for likely violating the First Amendment. And like in *IMDb, Inc.*, Plaintiffs "seek only to vindicate [their] First Amendment rights in court." *Id.* But, unlike *IMDb, Inc.*, as acknowledged by both parties, some discovery has already been conducted. (*See generally*, Doc. 124.) And the Preliminary Injunction Order contemplates more discovery may be needed. (*See* Doc. 113 at 22–26, 35.) Nevertheless, many of the same concerns at issue in *IMDB, Inc.* are present here, and it does not seem that the ordinary course of discovery is appropriate. Accordingly, the State must describe in better detail the information it wishes to obtain and how it impacts this Court's merits determination.

The State has provided a general accounting of the types of information it seeks to obtain through discovery. That accounting includes discovery on corporate structures and relationships between ByteDance Limited and TikTok Inc., along with their relationships to China; TikTok's data-gathering, -storage, and -security practices; and User Plaintiffs' TikTok use. Additionally, when listing out

5

the names of the individuals with information about their defenses in their preliminary pretrial statement, the State lists User Plaintiffs, TikTok CEO Shou Zi Chew, and David Ortley, Montana's deputy attorney general. Although the State would not generally be required to provide the Court with more details about such proposed discovery, given the nature of the dispute, the Preliminary Injunction Order, and the breadth of the discovery requests, more information is needed for the Court to determine how best to exercise its broad discretion over discovery. *See IMDb.com Inc.*, 962 F.3d at 1128.[2] Accordingly, akin to the motion for discovery in *IMDb.com*, the State must explain exactly what it wishes to discover, and why that information is pertinent to the resolution of this case. Plaintiff TikTok must do the same regarding the additional discovery it wishes to obtain. For the reasons explained above,

IT IS ORDERED that on or before February 15, 2024, each party must submit a detailed accounting of the individuals or entities from which it seeks to obtain discovery. For each individual or entity, the party must explain why that

---

[2] Although preemption is a "purely legal" issue, *Hawaii Newspaper Agency v. Bronster*, 103 F.3d 742, 746 (9th Cir. 1996), the State is also welcome to address how more discovery may impact a preemption determination. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

information is necessary and pertinent to this litigation.[3]  Each party may then file a brief response within seven (7) days.

DATED this 5th day of February, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

---

[3] If the parties believe this matter would be better resolved through the standard filing of a motion to compel, they should so move by the date outlined above. The Court does not entertain informal discovery resolution and the parties should not contact chambers directly. *Compare with* Fed. R. Civ. P. 16(b)(3)(B)(v). Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.