Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main Street, Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com

*Attorney for Plaintiffs*

Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

*Attorney for Consolidated Plaintiff*

(additional counsel listed on signature page)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al.,<br><br>*Plaintiffs,*<br>and<br><br>TIKTOK INC.,<br><br>*Consolidated Plaintiff,*<br><br>v.<br><br>AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana,*<br><br>*Defendant.* | CV 23-56-M-DWM<br>CV 23-61-M-DWM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S DISCOVERY PROPOSAL** |

Pursuant to the Court's February 5, 2024 Order, Dkt. 126, Plaintiffs Samantha Alario, Heather DiRocco, Carly Ann Goddard, Alice Held, and Dale Stout ("Creator Plaintiffs") and Consolidated Plaintiff TikTok Inc. (collectively, "Plaintiffs") respectfully submit this response to the State's discovery proposal, Dkt. 128.  As discussed below, the Court should deny the State's vague and unsubstantiated request for additional discovery.  To the extent the Court authorizes further discovery, it should strictly limit discovery to those topics and individuals that the State identified with particularity in its submission.

## I.  The State Fails to Justify Further Discovery Based on Its Prior Requests and Separate Investigation of TikTok Inc.

The State argues that it needs further discovery because TikTok Inc.'s earlier discovery responses were deficient, and because the information the State obtained in its investigation of TikTok Inc. is confidential and incomplete.  Dkt. 128 at 3, 12.[1]  The State's arguments are meritless and fail to comply with the Court's order that the State "explain exactly what it wishes to discover, and why that information is pertinent to the resolution of the case."  Dkt. 126 at 6.

### A.  The State Has Failed to Articulate any Perceived Deficiencies in TikTok Inc.'s Earlier Responses or to Explain Why That Discovery Is Necessary.

The State asserts that it intends to meet and confer regarding the discovery it served during the preliminary injunction phase because TikTok Inc.'s responses to

---

[1] Page numbers for docket entries refer to ECF pagination.

2

those requests were purportedly deficient. Dkt. 128 at 3. Yet the State fails to specifically identify any deficiency, let alone establish that the State's earlier requests are "necessary and pertinent" to the resolution of this case, as the Court's February 5, 2024 Order requires. Dkt. 126 at 6–7.

During the preliminary injunction proceedings, TikTok Inc. agreed to provide limited discovery on an expedited basis. *See* Dkts. 19 at 3, 21 at 2. The State served fourteen interrogatories, two document requests, and six requests for admissions, all of which the State claimed were relevant to its purported interest in enacting SB 419. Many of the requests were extremely broad. For example, the State requested that TikTok Inc. produce "any and all communications to or from ByteDance regarding TikTok's U.S. user data," with "ByteDance" defined to include all subsidiaries of TikTok Inc.'s ultimate parent company. Dkt. 18-6 at 110 (Request for Production No. 2).

On July 21, 2023, four weeks in advance of the deadline for the State's opposition, TikTok Inc. timely served responses and objections to those requests. TikTok Inc. noted that certain requests were overly broad, unduly burdensome, and sought information outside TikTok Inc.'s custody or control. With respect to RFP No. 2, for example, the implementation of TikTok Inc.'s multi-billion, multi-year initiative "dedicated to safeguarding protected U.S. user data and addressing national security concerns expressed by the U.S. government," Dkt. 14 (Chandlee

Decl.) at 16–17, has required countless communications regarding U.S. user data, and the State has not explained (nor could it) how compelling the production of such a broad swath of communications is appropriate under Rule 26, let alone under this Court's February 5, 2024 Order.

Notwithstanding its reasonable objections, however, TikTok Inc. produced responsive information and documents, including an agreement governing transfers of user data among ByteDance entities (Bates No. TT-MT-SB419-000217) and a written policy setting out the process for requesting access to such data (Bates No. TT-MT-SB419-000210).

In the four weeks before filing its opposition to Plaintiffs' preliminary injunction motions on August 18, 2023, the State did not attempt to meet and confer about any purported inadequacies in TikTok Inc.'s responses. When the State filed its opposition, it did not mention the produced discovery. *See* Dkt. 51. Nor did the State seek depositions of TikTok Inc.'s declarants or the Creator Plaintiffs.

The first time TikTok Inc. learned that the State had any issue with its discovery responses was nearly three months after service, when the State represented to the Court at the October 12, 2023, preliminary injunction hearing that "the discovery wasn't productive." Hr'g Tr. 26:18-22. But since the hearing, including as part of the Rule 26(f) conferral process, the State has not articulated

any particularized deficiencies in TikTok Inc.'s discovery responses. And while the State now asserts that TikTok Inc. "raised a litany of objections, evading many of the interrogatories and requests, and providing a narrow set of documents," Dkt. 128 at 3, the State's submission *still* does not identify any specific improper objection or other deficiency in TikTok Inc.'s responses. Having failed for months to identify any particularized deficiencies in TikTok Inc.'s responses, and having failed to make any effort to meet and confer, the State should not now be permitted to justify additional discovery based on vague complaints that TikTok Inc.'s earlier responses were incomplete. *See Arroyo v. Int'l Paper Co.*, 611 F. Supp. 3d 824, 831 (N.D. Cal. 2020) ("The party seeking additional discovery . . . must demonstrate that he or she acted diligently to pursue discovery in the past.").

Setting aside the State's unavailing efforts to criticize TikTok Inc.'s discovery responses, the State has also failed to explain how its earlier discovery requests satisfy the Court's "necessary and pertinent" standard. Dkt. 126 at 6–7. The State does not describe, let alone justify, any of its specific previously served discovery requests. Because the State fails to "explain exactly what it wishes to discover" with those earlier requests and why that information is "necessary and pertinent to this litigation," *id.*, the State's proposal based on perceived deficiencies in TikTok Inc.'s earlier discovery responses should be rejected. *See IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1127 (9th Cir. 2020) (quoting *Qualls v.*

*Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994)) (The State failed to "diligently pursue[ ] its *previous* discovery opportunities, and . . . can[not] show how allowing *additional* discovery would have precluded summary judgment.").

>   B.   **The State Also Fails to Justify Additional Discovery Based on Supposed Constraints in Its Separate Investigation of TikTok Inc.**

The State also contends that it needs additional discovery because the information TikTok Inc. produced in the State's separate investigation of TikTok Inc. is subject to a confidentiality agreement and TikTok Inc.'s responses to the State's Civil Investigative Demands ("CIDs") in that investigation were allegedly deficient. Dkt. 128 at 12–13.

Both of the State's arguments are belied by the Attorney General's testimony before the Montana Legislature that the State's investigation of TikTok Inc. has already supplied enough information to convince the Attorney General of the necessity of SB 419. The Attorney General testified that "TikTok is spying on Americans, period. TikTok is a tool of the Chinese Communist Party. . . . We know this just from all the investigations that have gone on from [sic] our own internal investigations." Dkt. 13-2 (Mar. 28, 2023 Hr'g on SB 419 before the Mont. House of Reps. Jud. Comm.) at 5–6.

Clearly, the Attorney General did not feel limited by any confidentiality agreement in relying on materials gathered from the State's investigation to advocate for SB 419. In any event, if the State now believes it is restricted from

6

re-using certain materials from its investigation in this matter, the efficient course would be to seek TikTok Inc.'s agreement to modify the confidentiality agreement, *not* to pursue duplicative Rule 26 discovery to compel production of precisely those same materials here. And setting efficiency aside, the State's confidentiality concern would at most justify a single request for production of the materials already produced to the State in its investigation.

Finally, the State's unsubstantiated assertion regarding purported deficiencies in TikTok Inc.'s responses to the State's CIDs in its investigation is not a basis for authorizing additional discovery on unspecified topics in this litigation—a separate proceeding challenging an unconstitutional statute.

## II. The State Does Not Provide a Particularized Justification for the Additional Discovery It Seeks.

Setting aside its misplaced reliance on its earlier discovery requests and separate investigation, the State also fails to provide detailed justifications for the additional discovery it seeks, as the Court required. *See* Dkt. 126 at 5. Rather, the State articulates the broad categories of information it seeks at the same high level of generality it has in the past, and without explaining how that information would impact the merits of Plaintiffs' claims.

First, in connection with TikTok Inc.'s First Amendment claim, the State seeks "information about current and former data gathering, data-storage, data-security, and data-access processes and procedures," and asserts that "this

information goes directly to the State's interest in protecting consumer data." Dkt. 128 at 13–15; *see id.* at 21 (seeking the same information in connection with Commerce Clause claim). That is *exactly* the same level of generality with which the State described its requested discovery in the January 16, 2024 Joint Discovery Plan. Dkt. 124 at 10 (State seeks "[d]iscovery on current and former data-gathering, data-storage, data-security, and data-access processes and procedures").

Even assuming the State had articulated this discovery topic with the requisite specificity and explained why the data access policy TikTok Inc. already produced is insufficient (which it has not), the State fails to explain how this information would alter the Court's First Amendment analysis. As the Court observed, entirely missing from the record is any evidence that in enacting SB 419, the State was actually motivated by a consumer-protection justification, as opposed to the foreign policy interest articulated by the statute, its sponsors in the Legislature, and Attorney General Knudsen himself. Dkt. 113 (PI Opinion) at 25, 34–36. Such evidence of the "legislature's stated intent" must come from the State, and is not a basis for authorizing discovery directed at TikTok Inc. *Id.* at 23; *see id.* at 22, 25 (noting that the State could have provided affidavits regarding its consumer-protection purpose). The State also fails to explain how that discovery would impact the Court's conclusion that "the law is not narrowly tailored, nor

8

does it leave open any alternative channels for targeted communication of information." *Id.* at 22.

Second, the State continues to seek historical discovery without any date limitation, arguing that "historical data is necessary because TikTok has not been forthcoming about whether or how or when it intends to dispose of or protect already-collected data." Dkt. 128 at 13. Setting aside the State's unsupported assertion that TikTok Inc. has not been forthcoming on this subject, SB 419 does not impose any requirements on TikTok Inc. concerning whether or how or when it disposes of or protects already-collected data. Moreover, as Plaintiffs pointed out in the Joint Discovery Plan, "historical data" cannot justify a forward-looking restraint on speech. *See Edwards v. District of Columbia*, 755 F.3d 996, 1004 (D.C. Cir. 2014) ("Current burdens demand contemporary evidence."). Discovery into the treatment of historical data thus cannot justify SB 419's forward-looking ban of TikTok in Montana.

Third, the State seeks discovery about how TikTok Inc. "recommends content through its algorithm based on this collected data," Dkt. 128 at 16, but again fails to explain how that information would impact the Court's analysis. Indeed, the State has previously argued that "SB 419 only regulates content-neutral expressive conduct." Dkt. 113 at 16. The State cannot justify additional discovery based on a theory of the case it has expressly disavowed. *See* Dkt. 51 at 26

9

("Nothing in SB 419 regulates use of TikTok because of disagreement with its message.").

### III. To the Extent the Court Decides to Authorize Further Discovery, That Discovery Should Be Tailored to Only Those Aspects of the State's Submission That Are Articulated with Specificity.

Given the several respects in which the State's submission fails to explain why its requested discovery is necessary and pertinent, the Court should deny further discovery. To the extent the Court authorizes further discovery, it should be limited to only those particular topics, entities, and individuals that are articulated with the requisite specificity.

With respect to discovery from Creator Plaintiffs, the State asserts that it needs discovery into "their use of TikTok, the content they create on TikTok, income earned on TikTok, and the availability of other social media or online platforms to produce, distribute, or monetize their content." Dkt 128 at 6. Should the Court authorize further discovery, Creator Plaintiffs have already stated their willingness to produce information on their "use of TikTok and other platforms." Dkt. 124 at 6. The State fails to explain how its current request differs from the discovery Creator Plaintiffs had already proposed—if indeed the State sees any difference at all—or why any such difference would impact the resolution of this case. In any event, Creator Plaintiffs are not resisting reasonably scoped discovery into the specified topics, including through depositions of the Creator Plaintiffs.

With respect to discovery from TikTok Inc., the State articulates only two requests with any specificity. First, the State claims to need "the identity of ByteDance Ltd.'s subsidiaries and the data-sharing or data-access agreements between those entities." Dkt. 128 at 13. Yet TikTok Inc. has already produced the agreement governing such data sharing and access, which includes the ByteDance Ltd. subsidiaries that are signatories. Bates No. TT-MT-SB419-000217 at -233. The State fails to acknowledge this document or explain why it is inadequate.[2]

Second, the State seeks "written policies and procedures related to TikTok's data gathering, data storage, data security, and data access." Dkt. 128 at 16. Here again, the State ignores the documents that TikTok Inc. already produced, which include a detailed data access approval process. Bates No. TT-MT-SB419-000210. Nor does the State explain how the materials it seeks differ from the additional documents TikTok Inc. has already offered to provide, namely, "current policies and procedures relating to . . . the protection of U.S. user data." Dkt. 124 at 6. In connection with this topic, TikTok Inc. is also amenable to a deposition of Blake

---

[2] In its submission, the State asserts that it reviewed TikTok Inc.'s document production. Dkt. 128 at 3 n.1. Counsel for TikTok Inc. made its document production available to counsel for the State on a third-party online file transfer platform that generates a receipt whenever a production is downloaded. During the Rule 26(f) conferral process, counsel for TikTok Inc. noted that it had not received a receipt indicating that the State downloaded the production, and asked if the State had done so. The State asserted that it had downloaded the production, and counsel for TikTok accepted the State's representation.

11

Chandlee, the only individual fact witness identified in the State's submission.[3] In addition, TikTok Inc. is agreeable to the deposition requested by the State of its expert witness, Steven Weber. The Court should limit any further discovery to these specific topics and individuals.[4]

Beyond these particularized topics, the State's proposed discovery plan (35 interrogatories, 12 fact depositions, and unlimited RFPs, RFAs, and third-party subpoenas) amounts to a request for a carte blanche fishing expedition to conduct whatever discovery it wishes. But the Court has already concluded that "the ordinary course of discovery" is inappropriate in the particular context presented here, where Plaintiffs are seeking to vindicate their First Amendment rights. Dkt. 126 at 5; *see IMDb.com*, 257 F. Supp. 3d at 1103 (rejecting government's attempt to "impos[e] irrelevant, burdensome, even harassing discovery obligations on a party that seeks only to vindicate its First Amendment rights in court").

---

[3] As the Court noted, the State's preliminary pretrial statement included TikTok Inc.'s CEO, Shou Zi Chew. Dkt. 126 at 6. The State's discovery proposal omits Mr. Chew, thus appearing to abandon that request, which would be an improper apex deposition in any event. *See Voelker v. BNSF Ry. Co.*, No. CV 18-172-M-DLC, 2019 WL 6910167, at *1–2 (D. Mont. Dec. 19, 2019).

[4] The State also asks for a 30(b)(6) deposition generally related to "TikTok's data privacy practices and policies," Dkt. 128 at 17, again without articulating discovery topics with sufficient specificity to enable the Court to assess whether they are necessary and pertinent to the litigation. To the extent the Court authorizes a 30(b)(6) deposition, it should be limited to only those topics the Court finds necessary.

To the extent the Court allows additional discovery, accordingly, that discovery should be limited to (i) Creator Plaintiffs' use of TikTok and other platforms (including depositions of the Creator Plaintiffs); (ii) TikTok Inc.'s current U.S. policies and procedures relating to minor safety and the protection of U.S. user data (including a deposition of Blake Chandlee); and (iii) expert discovery as previously agreed by the parties (including a deposition of TikTok Inc.'s expert witness, Steven Weber, as requested by the State in its proposal).[5]

---

[5] The State's discovery proposal does not mention TikTok Inc.'s other expert witness, Karen Sprenger. Nevertheless, as part of the expert discovery previously agreed by the parties, TikTok Inc. would not oppose a deposition of Karen Sprenger.

DATED this 22nd day of February, 2024.

| | |
|---|---|
| */s/ Natasha Prinzing Jones* | */s/ Rob Cameron* |
| Natasha Prinzing Jones | Rob Cameron |
| BOONE KARLBERG P.C. | JACKSON, MURDO GRANT, P.C. |
| 201 West Main Street, Suite 300 | 203 North Ewing |
| Missoula, MT 59807 | Helena, MT 59601 |
| (406) 543-6646 | (406) 389-8244 |
| npjones@boonekarlberg.com | rcameron@jmgattorneys.com |
| | |
| Ambika Kumar* | Alexander A. Berengaut* |
| Tim Cunningham* | Megan A. Crowley* |
| DAVIS WRIGHT TREMAINE LLP | COVINGTON & BURLING LLP |
| 920 Fifth Avenue, Suite 330 | 850 Tenth Street, NW |
| Seattle, WA 98104-1610 | Washington, DC 20001 |
| (206) 662-3150 | (202) 662-5367 |
| ambikakumar@dwt.com | aberengaut@cov.com |
| timcunningham@dwt.com | mcrowley@cov.com |
| *admitted pro hac vice | *admitted pro hac vice |
| | |
| *Attorneys for Plaintiffs Samantha Alario, Heather DiRocco, Carly Ann Goddard, Alice Held, and Dale Stout* | *Attorneys for Consolidated Plaintiff TikTok Inc.* |