IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al., | Lead Case No. |
| Plaintiffs, | CV 23–56–M–DWM |
| and | |
| TIKTOK INC., | Member Case No. |
| Consolidated Plaintiff, | CV 23–61–M–DWM |
| vs. | ORDER |
| AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana, | |
| Defendant. | |

The following schedule is entered based on the parties' filings. *See* Fed. R.

Civ. P. 16; (Docs. 122–25).

**1.      The following schedule will govern all further pretrial proceedings:**

Deadline for Amending Pleadings:          January 31, 2024

Expert Disclosures:          May 31, 2024

Rebuttal Expert Disclosures:          July 31, 2024

Discovery Deadline:          September 16, 2024

Motions Deadline (including
motions *in limine*) (fully briefed):          October 14, 2024

Attorney Conference to Prepare
Final Pretrial Order:          week of November 18, 2024

1

| | |
|---|---|
| File Proposed Final Pretrial Order, Proposed Findings of Fact/Conclusions of Law, and Trial Briefs and e-mail to dwm_propord@mtd.uscourts.gov (Trial Briefs are optional): | November 25, 2024 |
| Notice to Court Reporter of Intent to Use Real-Time: | November 25, 2024 |
| Notice to I.T. Supervisor of Intent to Use Electronic Exhibits or Videoconferencing: | November 25, 2024 |
| Final Pretrial Conference and Bench Trial: | December 9, 2024, at 9:00 a.m.[1] Russell Smith Federal Courthouse Missoula, Montana |

**The Court will not continue the above deadlines absent compelling reasons. The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline. The parties need not inform the Court of such stipulations, and the Court will not issue an order to confirm or adopt such stipulations. Parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court. Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Federal Rule of Criminal Procedure 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

2

NOTE: In all documents filed with the Court, the parties shall not use any acronyms or initialisms.  Use of generative AI programs, such as Chat GPT, to draft substantive legal or factual arguments is prohibited.

**IT IS FURTHER ORDERED:**

**2. Local Rules and Electronic Filing.**  Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2023, and apply in all cases pending when changes become effective.  In addition, all counsel must register and file electronically unless good cause can be shown.  Fed. R. Civ. P. 5(d)(3)(A).  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.  *See also* L.R. 1.4.

**3. Amended Pleadings.**  A party seeking to amend the pleadings after the date specified in paragraph 1 must show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4).  Only when that showing has been made will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15.

**4. Stipulations.**  Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

    **A.**    **Parties**

    a.    Plaintiffs Samantha Alario, Alice Held, and Dale Stout are users of the TikTok platform living in Missoula, Montana.

3

b.      Plaintiff Heather DiRocco is a user of the TikTok platform living in Bozeman, Montana.

c.      Plaintiff Carly Ann Goddard lived in Montana at the time this lawsuit was filed, but now lives in the State of Florida.

d.      Each of the Creator Plaintiffs has an account on the TikTok platform.

e.      Each of the Creator Plaintiffs creates content in the form of videos on various topics, which he or she uploads to his or her TikTok account.

f.      Each of the Creator Plaintiffs also uses their TikTok accounts to consume content from other creators.

g.      As of December 21, 2023, Plaintiff Samantha Alario's TikTok account (@yourfavoritebikinimama) had at least 15,800 followers.  As of December 21, 2023, Plaintiff Samantha Alario's Facebook account (user name: Gemini Mountain Swimwear) had at least 1,600 followers.  As of January 15, 2024, Plaintiff Samantha Alario's Instagram account (user name: gemini_mtn_swimwear) had at least 16,500 followers).

h.      As of December 21, 2023, Plaintiff Alice Held's TikTok account (@mountainalice) had at least 217,700 followers.  As of December 21, 2023, Plaintiff Alice Held's Instagram account (@mtn.alice) had 7,045 followers.

i.      As of December 21, 2023, Plaintiff Dale Stout's TikTok account (@mt_guy) had at least 43,700 followers.

j.      As of December 21, 2023, Plaintiff Heather DiRocco's TikTok account (@ladydredknot) had at least 199,500 followers.  As of December 21, 2023, Plaintiff Heather DiRocco's Instagram account (@ladydredknot) had at least 23,100 followers.  As of January 9, 2023, Plaintiff Heather DiRocco's YouTube account (@LadyDredknot) had 236 subscribers.

k.      As of December 21, 2023, Plaintiff Carly Goddard's TikTok account (@carlygoddardd) had at least 110,400 followers.  As of December 21, 2023, Plaintiff Carly Goddard's YouTube account (@carlygoddardd) had 196 subscribers.  As of January 9, 2024, Plaintiff Carly Goddard's Instagram account (carlyanngoddard) had at least 6,854 followers.

l.      TikTok Inc. is a California corporation, with its principal address in Culver City, California.

m.      ByteDance Ltd. is the ultimate parent corporation of TikTok Inc.

n.      Defendant Austin Knudsen is the Attorney General of Montana, which is the head of the Montana Department of Justice.

**B.      The TikTok Platform**

o.      TikTok is an online platform that enables users to create, share, and view videos.

p.      The TikTok platform allows users to create and upload videos.

q.     The TikTok platform allows creators to use sounds, filters, and special effects in creating their videos.

r.     The TikTok platform's comment feature allows users to communicate with other users by responding or reacting to a TikTok video.

s.     The TikTok platform offers a "For You" page, which opens to a collection of videos that is curated by TikTok's recommendation system.

t.     Users of the TikTok platform can also utilize the platform's "Following" page to watch videos from creators they have chosen to follow.

u.     In addition to sharing and commenting on videos, TikTok users can, among other things, like, and share creators' videos, "tag" other users in comments, use the platform's "duet" and "stitch" tools to create new content that incorporates and responds to content created by others, use the "TikTok LIVE" feature to communicate live with others on the platform, and send direct messages to one another.

v.     TikTok creators have the ability to earn money from creating content on the platform—including through brand deals, live-streaming, and advertising their businesses on the platform.

w.     The TikTok platform was first launched globally in 2017 and re-launched in the United States in August 2018.

x.      Users must agree to the TikTok platform's Terms of Service and Privacy Policy as a condition of accessing and using the platform.

y.      TikTok Inc. has published Community Guidelines.

z.      TikTok Inc.'s Community Guidelines state, among other things, "We do not allow showing or promoting dangerous activities and challenges.  This includes dares, games, tricks, inappropriate use of dangerous tools, eating substances that are harmful to one's health, or similar activities that may lead to significant physical harm."

aa.      TikTok Inc.'s Community Guidelines further state that "[c]ontent is age-restricted if it shows activities that are likely to be imitated and may lead to any physical harm.  Content is ineligible for the [For You Feed] if it involves activities that are likely to lead to moderate physical harm, or includes professionals who are performing extreme sports and stunts that may endanger others."

bb.      TikTok Inc.'s Community Guidelines further state that TikTok Inc. "also appl[ies] warning information to this type of content."

cc.      TikTok Inc. publishes a quarterly Community Guidelines Enforcement Report.

dd.      The TikTok platform has users in Montana.

ee.      TikTok Inc. has an account on the TikTok platform.

ff.     On December 22, 2023, the U.S. Department of Justice filed a status report in TikTok Inc. v. CFIUS, No. 20-1444 (D.C. Cir.), stating that TikTok Inc. and the Committee on Foreign Investment in the United States "continue to be involved in ongoing negotiations to determine whether th[e] case may be resolved by mutual agreement."

**C.     SB 419**

gg.     SB 419 is titled "An Act Banning TikTok in Montana."

hh.     Defendant Knudsen testified in a legislative hearing involving SB 419.

ii.     SB 419 was sponsored in the Montana Senate by Senator Shelley Vance.

jj.     Senator Vance introduced SB 419 in the Montana Senate on February 20, 2023.

kk.     The Montana Senate Business, Labor and Economic Affairs Committee held a hearing on SB 419 on February 27, 2023.

ll.     The Montana Senate passed SB 419 on March 2, 2023.

mm.   The Montana House of Representatives Judiciary Committee held a hearing on SB 419 on March 28, 2023.

nn.     At the March 28, 2023, hearing, Senator Vance stated that the bill "puts an end to China's surveillance operation in Montana."

oo.     At the same March 28, 2023, hearing, Attorney General Knudsen

stated, "TikTok is spying on Americans, period. TikTok is a tool of the Chinese

Communist Party.  It is owned by a Chinese company, and under China law, if you

are based in China, you will cooperate with the Chinese Communist Party, period."

Attorney General Knudsen also stated, "This is a business that is controlled by an

existential threat and enemy of the United States, and that's China's own words.

China considers America its largest enemy by their own military doctrines and

publications.  They see a war with the United States as inevitable, and they're

using TikTok as an initial salvo in that war."  Attorney General Knudsen further

stated, "[w]hen we're talking about the First Amendment, what is the best way to

get your message, to get your free speech out there?  It's no longer to stand on an

apple cart in the public square and give a speech.  It's to get on social media.  We

know that. The best way to spread your message is via social media."

pp.     Representative Neil Duram stated at the same hearing that "TikTok is

the music played by the Pied Piper to steal this generation's heart and mind."

qq.     The Montana House of Representatives considered SB 419 at a floor

session on April 13, 2023.

rr.     Representative Brandon Ler stated during the April 13, 2023, floor

session: "I believe it's time we stand up to the Chinese and ban TikTok."

Representative Ler further stated "we are facing a threat unlike any other from the

Chinese Communist Party hiding behind TikTok where they can spy on Americans by collecting personal information by keystrokes and even user locations. That's why I urge you to join me in voting yes on Senate Bill 419 to ban TikTok in Montana. TikTok is a national security threat."

ss.     Representative Katie Sullivan stated during the same April 13, 2023, floor session, "I don't believe that this bill as written is taking privacy and security seriously. We only have one company listed and we only have one country listed. Why would we do that, why would we limit to one company and one country when we know very well that [other] social media companies are doing the same thing?"

tt.     The Montana House of Representatives passed SB 419 on April 14, 2023.

uu.     Governor Gregory Gianforte signed SB 419 into law on May 17, 2023. In a press release regarding the signing, he stated, "The Chinese Communist party using TikTok to spy on Americans, violate their privacy, and collect their personal, private, and sensitive information is well documented. Today, Montana takes the most decisive action of any state to protect Montanans' private data and sensitive personal information from being harvested by the Chinese Communist Party."

vv.     SB 419 has an effective date of January 1, 2024.

ww.   SB 419 provides, "Tiktok may not operate within the territorial jurisdiction of Montana."

xx.    An "entity" violates SB 419 when any of the following occurs within the territorial jurisdiction of Montana: "the operation of tiktok by the company or users," or "the option to download the tiktok mobile application by a mobile application store." SB 419 defines "entity" as "a mobile application store or tiktok."

yy.    An entity that violates SB 419 "is liable in the amount of $10,000 for each discrete violation," defined as "each time that a user accesses tiktok, is offered the ability to access tiktok, or is offered the ability to download tiktok," and "is liable for an additional $10,000 each day thereafter that the violation continues."

zz.    SB 419 is "void if tiktok is acquired by or sold to a company that is not incorporated in any other country designated as a foreign adversary in 15 C.F.R. 7.4 at the time tiktok is sold or acquired."

**5. Cooperation and Proportionality.**  The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1.  Discovery is to be proportional to the reasonable needs of the case.  Fed. R. Civ. P. 26(b)(1).

**6. Discovery Exhibits.** <u>During discovery, deposition exhibits shall be numbered seriatim.</u>  Numbers used for exhibits during depositions must be used at trial for the same exhibit.

**7. 30(b)(6) Depositions.**  Prior to any Rule 30(b)(6) deposition, the parties must meet and confer to identify each person the organization will designate to testify and the topic areas that will be addressed.

**8. Foundation & Authenticity of Discovery Items.**  Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery.  However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery.  If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production.  This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial.  All other objections are reserved for trial.  Failure to comply with this provision constitutes a waiver of any foundation or authenticity objection at trial.

**9. Supplementation of Discovery Responses.** Pursuant to Federal Rule of Civil Procedure 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**10. Discovery Disputes.** Discovery disputes will be resolved through standard motions practice. The Court does not entertain informal discovery resolution and the parties should not contact chambers directly. *Compare with* Fed. R. Civ. P. 16(b)(3)(B)(v). Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**11. Experts.** The parties informed the Court that they may engage experts in the following areas:

> Plaintiff: tailoring and technological concerns with implementing SB 419.
>
> Defendant: technological concerns related to how TikTok collects, stores, and accesses user data and feasibility of implementing SB 419.

Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 1.

**12. Expert Disclosure.**

    (a)    Retained or Specially Employed.

    Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

    (b)    Other Witnesses Who Will Present Expert Testimony.

    With respect to those expert witnesses not required to provide a written report, pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

        (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

        (ii) a summary of the facts and opinions to which the witness is expected to testify.

    (c)  Objections to the timeliness or sufficiency of a Rule 26(a)(2) report or disclosure must be filed in the form of a motion within fourteen (14) days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. An inadequate report or disclosure may result in exclusion of the expert's opinions

at trial even though the expert has been deposed.  In this regard, a treating physician is not considered a retained expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis.  If the treating physician's testimony goes beyond care, treatment, and prognosis then there must be full compliance with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B).  All other objections to expert testimony may be lodged according to general motion's practice.

**13.  Rebuttal Experts.**  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  The purpose of simultaneous liability expert disclosures is to avoid "sand bagging" disclosures in an effort to force the opposing party to tip its liability hand.  Accordingly, a party may not file an expert rebuttal report on liability unless the party has already filed its own liability expert report.

**14.  Supplementation of Incomplete or Incorrect Expert Reports.** Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve

giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect,</u>
through no fault of the proponent or expert witness, must be disclosed no later than
ninety (90) days before the date set for trial set forth in paragraph 1.

**15. Motions.**  Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), all
dispositive motions, discovery motions, and motions in limine shall be fully
briefed by the date set forth in paragraph 1.  "Fully briefed" means that the brief in
support of the motion and the opposing party's response brief are filed with the
Court.  **If the parties can reach an agreement concerning the use of certain
confidential and financial commercial information there is no need to seek a
protective order from this Court.  Unless the parties can show that a
negotiated and signed stipulation is insufficient to protect their interests, no
order of this Court will be forthcoming concerning protective orders.**

**16. Unopposed Motions.**  Unopposed motions shall be accompanied by a
proposed order, separate from the motion.  The proposed order shall be filed under
the heading "Text of Proposed Order" and e-mailed to
dwm_propord@mtd.uscourts.gov.  The proposed order shall be a Word document
and adhere to the standards set out in Standing Order No. DLC-13.  Failure to
comply with this procedure will result in delayed resolution of the unopposed
motion.

**17. Hearings & Oral Arguments.** Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing. Unless otherwise directed, the parties shall provide the courtroom deputy with any exhibits admitted during a hearing for filing. This modifies D. Mont. L.R. 5.1(b)(3) as to hearings only. The parties are still responsible for filing their own exhibits following trial.

**18. Bench Trial.** Bench trial of this case shall be conducted in Missoula, Montana, before the Honorable Donald W. Molloy. Trial is anticipated to last three days.

**19. Attorney Conference for Trial Preparation.** If the case does not settle, counsel for Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. *See generally* Forms D, E, and F, Local Rules Appendix C.

**20. Trial Exhibits.**

(a)     Counsel shall electronically exchange exhibits with opposing counsel prior to the final pretrial conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b)     Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Plaintiff using an agreed upon range of arabic numbers and by Defendant using a different agreed upon range of arabic numbers.

(d)     Each exhibit must be paginated, including any attachments thereto. Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

(e)     Counsel shall file with the Court a thumb drive of the exhibits, as well as one paper copy of the exhibits.  The paper copy shall be formatted as described in (b), above.  The electronic files and paper copy shall be delivered to the chambers of Judge Donald W. Molloy on or before the date of the final pretrial conference.

(f)     Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.

21. **Final Pretrial Order.**  The parties shall file the proposed Final Pretrial Order and e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov, by the date indicated in paragraph 1.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

22. **Final Pretrial Conference.**  Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1.  Each party should bring Judge Molloy's copy of its trial exhibits if not already delivered to chambers.

23. **Trial Briefs.**  Trial briefs are optional but if filed must be received by the Court by the date indicated in paragraph 1.

24. **Expert Reports.**  The parties shall provide the Court with one thumb drive[2] containing a PDF of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses at or before the final pretrial conference.  The PDF shall contain a table of contents with hyperlinks to each individual document.  The parties shall also provide a binder containing hard copies of the expert reports and

---

[2] Court policy requires that the thumb drive be brand new and not previously used.

Rule 26(a)(2)(C) disclosures for all testifying expert witnesses. The documents may be duplexed but must be individually tabbed and include a table of contents.

**25. Proposed Findings of Fact & Conclusions of Law.**

(a)     The parties shall jointly prepare one copy of proposed Findings of Fact upon which they agree, with citations to the record for each Finding of Fact. Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which the parties cannot reach agreement.

(b)     The parties shall jointly prepare one copy of proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of Law. Each party may also prepare a separate proposed Conclusions of Law with appropriate citations for each Conclusion of Law for matters upon which the parties cannot reach agreement.

(c)     By the date indicated in paragraph 1, the parties shall:

(1)     file a copy of the Proposed Findings of Fact & Conclusions of Law on CM/ECF;

(2)     e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov; and

(3)     provide a thumb drive copy containing hyperlinks to the exhibits referenced therein. The thumb drive must not have been used before.

**26.  Calling a Witness at Trial.**

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

    i)  the full name and current address of the witness;

    ii)  a brief description of the nature and substance of the witness's testimony;

    iii)  date witness was deposed or statement taken; and

    iv)  a listing of each exhibit to which the witness may refer during direct examination.

DATED this __11th__ day of April, 2024.

 

Donald W. Molloy, District Judge
United States District Court