Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main Street, Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com

*Attorney for Plaintiffs*

Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

*Attorney for Consolidated Plaintiff*

(additional counsel listed on signature page)

Christian B. Corrigan
 *Solicitor General*
Peter M. Torstensen, Jr.
 *Deputy Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620
(406) 444-2026
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al.,<br><br>    *Plaintiffs,*<br><br>and<br><br>TIKTOK INC.,<br><br>    *Consolidated Plaintiff,*<br><br>v.<br><br>AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana,*<br><br>    *Defendant.* | CV 23-56-M-DWM<br>CV 23-61-M-DWM<br><br>**JOINT MOTION FOR STAY OF PROCEEDINGS** |

The parties, through their respective counsel, jointly move for a stay of proceedings pending the adjudication of a recently-commenced independent proceeding that bears upon this case. Specifically, the parties jointly request that the Court stay proceedings until final adjudication of Consolidated Plaintiff TikTok Inc.'s constitutional challenge to the Protecting Americans from Foreign Adversary Controlled Applications Act, which is pending in the U.S. Court of Appeals for the D.C. Circuit. *See* Petition for Review of Constitutionality of the Protecting Americans from Foreign Adversary Controlled Applications Act, *TikTok Inc. v. Garland*, No. 24-1113 (May 7, 2024).

**I.    Background**

On April 23, 2024, Congress enacted H.R. 815, division H of which is titled the "Protecting Americans from Foreign Adversary Controlled Applications Act" (the "Act") (attached hereto as **Exhibit A**). On April 24, 2024, President Biden signed the Act into law. The Act prohibits "online mobile application store[s]" and "internet hosting services" from servicing "foreign adversary controlled application[s]" within the United States. *See* Pub. L. No. 118-50 div. H, § 2(a). This includes the "distribution, maintenance, or updating" of a covered application through an online marketplace like a mobile application store. *Id.* § 2(a)(1). The Act deems any application that is operated by (i) "ByteDance[] Ltd.," (ii) "TikTok," (iii) their "subsidiar[ies] . . . or . . . successor[s]" that are "controlled by

2

a foreign adversary," or (iv) an entity that is "owned or controlled" by the aforementioned, to be a "foreign adversary controlled application." *Id.* § 2(g)(3). Section 2(c) of the Act exempts a "foreign adversary controlled application" from the Act's prohibitions if the company that operates the application executes a "qualified divestiture," as that term is defined in the Act. *Id.* § 2(c).

The prohibition on providing Internet hosting and mobile application store services to TikTok and other ByteDance applications takes effect 270 days after enactment—i.e., January 19, 2025. *Id.* § 2(a)(2)(A). The Act requires that any "petition for review challenging [the Act] may be filed only in the United States Court of Appeals for the District of Columbia Circuit." *Id.* § 3(b).

On May 7, 2024, Consolidated Plaintiff TikTok Inc., along with its ultimate parent ByteDance Ltd., filed a Petition for Review in the United States Court of Appeals for the District of Columbia Circuit (Case No. 24-1113) challenging the constitutionality of the Act. The petition (attached hereto as **Exhibit B**) claims that the Act violates the First Amendment, is an unconstitutional bill of attainder, violates the petitioners' Fifth Amendment equal protection rights, and effects an unlawful taking of private property without just compensation.

## II.     Legal Standard

This Court "possesses inherent authority to stay federal proceedings pursuant to its docket management powers." *In re PG&E Corp. Sec. Litig.*, ---

F.4th ---, 2024 WL 1947143, at *7 (9th Cir. May 3, 2024) (quotation marks omitted). "A district court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* (quotation marks omitted). "This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quotation marks omitted). It is enough that, when combined with considerations of fairness to the parties, the stay furthers "the orderly course of justice measured in terms of the simplifying . . . of issues, proof, and questions of law." *In re PG&E Corp. Sec. Litig.*, 2024 WL 1947143 at *7.

**III.  A Stay is Appropriate in this Case.**

The parties respectfully submit that it would be appropriate to stay proceedings in this matter pending final adjudication of Consolidated Plaintiff's Petition for Review pending before the D.C. Circuit. That action bears upon this case in several respects, and a stay would further the orderly course of justice by simplifying the issues and questions of law in this matter. As the Court is aware, Plaintiffs and Consolidated Plaintiff in this action argue, among other things, that SB 419 is preempted because it conflicts with federal law. *See* Complaint for Injunctive and Declaratory Relief, *Alario v. Knudsen*, No. CV-23-56-M-CWM (D.

4

Mont. May 17, 2023), ECF 1 at ¶ 3; Complaint for Injunctive and Declaratory Relief, *TikTok v. Knudsen*, No. 23-61-M-DWM (D. Mont. May 22, 2023), ECF 1 at ¶ 7(b).  The petition currently pending before the D.C. Circuit will clarify the scope of the federal law in this area bearing upon this Court's preemption analysis, in addition to addressing other matters bearing upon this case.  *See* Ex. B at *30–56 (First Amendment); *id.* at *56–59 (Bill of Attainder).

Given that the D.C. Circuit action will clarify the legal issues for this litigation, the parties respectfully submit that a stay would be appropriate.  A stay would not prejudice any party, as reflected by this joint motion.  *Safari Club Int'l v. Bonta*, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023) ("Because no party objects to the entry of a stay and in fact jointly so move, no prejudice or harm from the granting of a stay is apparent on the record.  Thus, the court will grant the parties' joint motion to stay this action.").  Accordingly, the parties respectfully submit that all factors considered for a stay are satisfied in this case.  *See Mediterranean Enters., Inc.*, 708 F.2d at 1465.[1]

---

[1] For avoidance of doubt, this joint motion for a stay should not be construed as requesting any modification to the preliminary injunction ordered by the Court on November 30, 2023 (Dkt. 113).

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter an order (i) staying proceedings in this case pending resolution of Consolidated Plaintiff's petition for review in the D.C. Circuit; and (ii) directing the parties to file a status report within 30 days of the final adjudication of the D.C. Circuit action. In accordance with Local Rule 7.1(c), a proposed order is attached as **Exhibit C**.

DATED this 14th day of May, 2024.

| | |
|---|---|
| */s/ Natasha Prinzing Jones* <br> Natasha Prinzing Jones <br> BOONE KARLBERG P.C. <br> 201 West Main Street, Suite 300 <br> Missoula, MT 59807 <br> (406) 543-6646 <br> npjones@boonekarlberg.com <br><br> Ambika Kumar* <br> Tim Cunningham* <br> DAVIS WRIGHT TREMAINE LLP <br> 920 Fifth Avenue, Suite 330 <br> Seattle, WA 98104-1610 <br> (206) 662-3150 <br> ambikakumar@dwt.com <br> timcunningham@dwt.com <br> *admitted pro hac vice <br><br> *Attorneys for Plaintiffs Samantha Alario, Heather DiRocco, Carly Ann Goddard, Alice Held, and Dale Stout* | */s/ Christian B. Corrigan* <br> Christian B. Corrigan <br>  *Solicitor General* <br> Peter M. Torstensen, Jr. <br>  *Deputy Solicitor General* <br> MONTANA DEPARTMENT OF JUSTICE <br> P.O. Box 201401 <br> Helena, MT 59620 <br> (406) 444-2026 <br> christian.corrigan@mt.gov <br> peter.torstensen@mt.gov <br><br> *Attorneys for Defendant* |

*/s/ Rob Cameron*
Rob Cameron
JACKSON, MURDO GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

Alexander A. Berengaut*
Megan A. Crowley*
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5367
aberengaut@cov.com
mcrowley@cov.com
*admitted pro hac vice

*Attorneys for Consolidated Plaintiff TikTok Inc.*